The State of Missouri, Respondent, v. George R. Crow, Appellant.

St. Louis Court of Appeals, May 2, 1893.

Criminal Law: PETIT LARCENY: INSTRUCTIONS. To warrant a conviction for petit larceny, there must, under the statutory definition of that offense, be a finding that the property taken belonged to a third person. Accordingly, an instruction which authorizes a conviction without requiring such finding is erroneous.

The State v. Crow.

*Appeal from the Clark Circuit Court.*—Hon. Ben. E. Turner, Judge.

Reversed and remanded.

*J. W. Howard* and *W. L. Berkheimer,* for appellant.

There is a fatal variance between the allegation of the ownership of the property in the information and the proof. The ownership must be proved as laid. *State v. Horn,* 93 Mo. 190; *State v. Fay,* 65 Mo. 490. The court failed to instruct on the whole case, which is fatal. *State v. Banks,* 73 Mo. 568; *State v. Palmer,* 88 Mo. 592; *State v. Riley,* 100 Mo. 494. There was a complete failure of proof. *State v. Ballard,* 104 Mo. 634. The court compelled the prosecutor to elect as to which of the logs alleged to have been stolen he would proceed, yet did not, by an instruction to the jury, confine them to the consideration of the logs which the state elected to rely upon after the jury had heard the evidence on the whole case. This was a fatal error.

*J. A. Whiteside,* Prosecuting Attorney, for respondent.

The ownership of the logs, for the stealing of which the defendant was convicted, was proven, and the fact of their ownership was not controverted. The failure of the instruction to require a finding on that subject was, therefore, not prejudicial and hence not reversible error. *State v. Bruder,* 35 Mo. App. 475; *State v. Jackson,* 105 Mo. 196; *McDermott v. Class,* 104 Mo. 14; *State v. Stockwell,* 106 Mo. 36; *State v. Hultz,* 106 Mo. 41; *State v. Zumbuson,* 86 Mo. 111; *State v. Brooks,* 92 Mo. 542. And, after the court required the prosecuting attorney to elect and confined the jury to the consider-

ation of the three burr-oak logs south of the creek, the defendant should have asked the special instruction taking away from the jury the other evidence, if he desired it done in more specific terms.  Having neglected that, he cannot now complain.  *State v. Brooks*, 92 Mo. 542; *State v. Elkins*, 101 Mo. 344; *State v. McDonald*, 85 Mo. 539; *State v. Marshall*, 36 Mo. 400; *State v. Ray*, 53 Mo. 345; *State v. Pints*, 64 Mo. 317; *State v. Viers*, 48 N. W. Rep. (Iowa) 732; *Winn v. State*, 52 N. W. Rep. (Wis.) 775; *People v. Ahern*, 29 Pac. Rep. (Cal.) 49; *Mead v. State*, 23 Atl. Rep. 264; *Small v. Williams*, 13 S. E. Rep. (Ga.) 589; *People v. McNutt*, 29 Pac. Rep. 243; *People v. Raher*, 52 N. W. Rep. (Mich.) 625; *Keyes v. State*, 23 N. E. Rep. (Ind.) 1097; *Sullivan v. State*, 44 N. W. Rep. (Wis.) 647; *State v. Pritchett*, 11 S. E. Rep. (N. C.) 357.  The statutes in some of states quoted from above are very similar to the statutes of Missouri.

BIGGS, J.—The defendant was prosecuted under an information before a justice of the peace charging him with petit larceny.  The information was signed by the prosecuting attorney, who professed to act on affidavits made by John W. Harrison and Charles Davidson.  The defendant was charged in the information with stealing one burr-oak log fifteen feet long, two burr-oak logs eight feet long, one red-elm log sixteen feet long, one burr-oak log fourteen feet long, and one burr-oak log twenty-six feet long; all of the value of $10, and the property of John W. Harrison and Charles Davidson.

The defendant was convicted before the justice and in the circuit court.  He was convicted of stealing the burr-oak log fifteen feet long, and the two burr-oak logs, each eight feet long, the prosecuting attorney, at the close of the evidence for the state, having elected to hold the defendant on the charge of stealing those logs

only. The defendant has appealed, and claims that the judgment is erroneous for several reasons.

At the close of the evidence the defendant asked the court to direct an acquittal. The court very properly refused to do this, for the reason that there was evidence tending to prove that the defendant took the logs from the land of one Thompson with the unlawful purpose or intent to convert them to his own use; that he afterwards did so convert them; and that they were the property of John W. Harrison and Charles Davidson. The fact that the defendant's evidence tended to show that the logs were the property of Thompson, and that the defendant did not take them with a felonious intent, did not entitle him to a peremptory instruction of acquittal. The credibility of the evidence was for the jury.

At the instance of the prosecuting attorney the court gave the following instructions, of which the defendant complains:

"Defendant is charged in the information with stealing, taking and carrying away certain lumber, to-wit, one burr-oak log fifteen feet long, two burr-oak logs, each eight feet long, one red-elm log sixteen feet long, one burr-oak log fourteen feet long, and one burr-oak log twenty-six feet long, from the land of Thomas Thompson, at the county of Clark and state of Missouri, and being the property of John W. Harrison and Charles Davidson.

"Now, if the jury shall find from the evidence that the defendant, at the said county of Clark, at any time within one year prior to July 23, 1891, did steal, take and carry away three burr-oak logs, south of the creek, and that same was of less value than $30, then in such case the jury will find the defendant guilty of petit larceny, and assess his punishment at imprisonment in the county jail not exceeding one year, or at a

fine alone not exceeding $100, or at both such fine and imprisonment."

In the first instruction the jury should have been told directly that the state had dismissed the prosecution as to all property mentioned in the information, except the burr-oak log fifteen feet long and the two burr-oak logs eight feet long. It is true that the attention of the jury was inferentially directed in the second instruction to those logs only, as the evidence tended to show that they were the only burr-oak logs south of a certain branch; but it would have been better to have informed the jury explicitly that the state had elected to confine the charge of larceny to those particular logs, especially in view of the fact that the prosecuting attorney had attempted, by the introduction of evidence, to make out a case against the defendant for stealing *all* the logs.

The second instruction is fatally defective, because it did not require the jury to find that the logs were the property of some third person. Our statute, section 3547, Revised Statutes, 1889, defining petit larceny reads:

"Every person who shall steal, take and carry away any money or personal property or effects of another under the value of $30, not being the subject of grand larceny without regard to value, shall be deemed guilty of petit larceny and, on conviction, shall be punished by imprisonment in the county jail not exceeding one year, or by fine not exceeding $100, or by both such fine and imprisonment."

This statutory definition of the offense necessarily requires that the property should be found by the jury to belong to a third person, and the jury should have been so directed. As the indictment alleged that the logs belonged to Harrison and Davidson, under the rule of the common law it would have been incumbent on the state to strictly prove the alleged ownership as

laid (*State v. Nelson*, 101 Mo. 477; 1 Wharton on Criminal Law [9 Ed.] sec. 931), for the reason that the alleged ownership is considered as descriptive of the particular offense, and, if not proved as laid, the variance is fatal. But this rule had been changed in this state by statute. Revised Statutes, 1889, section 4114. That portion of the section which is pertinent reads: "Whenever on the trial of any felony or misdemeanor there shall appear to be any variance between the statement in the indictment or information and the evidence offered in proof thereof, * * * in the ownership of any property named or described therein, such variance shall not be deemed grounds for an acquittal of the defendant, unless the court before which the trial shall be had shall find that such variance is material to the merits of the case and prejudical to the defense of the defendant."

Now in the case at bar there was evidence tending to prove that the logs were the property of three different persons, viz., Harrison and Davidson, Thompson and Keets. While the defendant under the foregoing statute might have been convicted if the logs belonged to either of the parties named, it was the duty of the court to instruct the jury that, in order to convict, they must find that the logs alleged to have been stolen were the property of one or the other. This is technical, but it is in conformity with the statute.

We find no other error in the record. For the reasons stated the judgment of the circuit court will be reversed and the cause remanded. All the judges concur.

