THE STATE v. SHELLEY, Appellant.

Division Two, February 4, 1902.

**False Impersonation of Voter:** EVIDENCE AS TO STATUS OF PARTY PERSONATED: REGISTRATION BOOK: PRESUMPTION. In a prosecution under Revised Statutes 1899, section 7261, for falsely personating an elector, the book of registration, in which the name of the party personated appears as a voter, is not prima facie evidence that such person was an elector and entitled to vote in the precinct, sufficient to support a conviction, since the presumption that the registration proceedings were regular can not overcome the presumption of innocence.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood,* Judge.

REVERSED AND REMANDED.

*T. J. Rowe* and *S. S. Bass* for appellant.

The State failed to make a prima facie case because it failed to prove that Joseph Conley was an elector.

*Edward C. Crow,* Attorney-General, and *Jerry M. Jeffries* for the State.

The third instruction declared that if the name of Joseph Conley appeared on the registration book of that precinct, that fact, if proved, was prima facie evidence that said Conley was an elector and entitled to vote in the fifth precinct of the Seventeenth ward, and there was no evidence to rebut that presumption.

SHERWOOD, P. J.—Dan Shelley was prosecuted under the provisions of section 7261, Revised Statutes 1899, he

being indicted for that he falsely, fraudulently and feloniously impersonated one Joseph Conley, an elector, duly registered, etc.

The section on which the indictment is founded is, so far as necessary to quote it, the following: "Any person who shall falsely personate an elector, or other person, and vote, or attempt or offer to vote in or upon the name of such elector or other person; or shall vote, or attempt to vote, in or upon the name of any other person, living or dead,  .  .  .  shall, upon conviction, be guilty of a felony and punished for every such offense by imprisonment in the penitentiary not less than two years."

Defendant stood his trial, which resulted in a verdict of guilty and punishment assessed at imprisonment in the penitentiary for the term of two years.

There was no evidence offered in support of the allegation that Joseph Conley was an elector, etc., other than the book of registration, offered in evidence, and showing such name having been registered as resident at a certain number. Defendant demurred to the evidence, but was unsuccessful in so doing. Whereupon, the court gave, among others, this instruction: "Third.  The court instructs the jury that if they believe from the evidence, that the name of Joseph Conley appeared upon the registration book of the precinct mentioned in the indictment and offered in evidence, then this fact is prima facie evidence that said Conley was an elector and entitled to vote in said precinct."

The dominant question in this cause is whether the name of Joseph Conley appearing on the registration book as an elector of that precinct, was sufficient evidence of the fact that he was an elector.  The court, in the quoted instruction, ruled that the registration of Conley's name upon the registration book was prima facie evidence that Conley *was* an elector. The correctness of this position as regards the charge here preferred, is now to be examined.

Greenleaf says: "A distinction is to be noted between civil and criminal cases, in respect to the degree or quantity of evidence necessary to justify the jury in finding their verdict for the government. In civil cases, their duty is to weigh the evidence carefully, and to find for the party in whose favor the evidence preponderates, although it be not free from reasonable doubt. But, in criminal trials, the party accused is entitled to the benefit of the legal presumption in favor of innocence, which in doubtful cases is always sufficient to turn the scale in his favor. It is, therefore, a rule of criminal law, that the guilt of the accused must be fully proved. Neither a mere preponderance of evidence, nor any weight of preponderant evidence, is sufficient for the purpose, unless it generate full belief of the fact, to the exclusion of all reasonable doubt. . . . And this degree of conviction ought to be produced when the facts proved coincide with and are legally sufficient to establish the truth of the hypothesis assumed, namely, the guilt of the party accused, and are inconsistent with any other hypothesis. For it is not enough that the evidence goes to show his guilt; it must be inconsistent with the reasonable supposition of his innocence." [3 Greenleaf Evid. (14 Ed.), sec. 29.]

The instruction under review evidently rests its taproot upon the idea that inasmuch as it will be presumed that the registration officer, in registering the name of Joseph Conley as an elector, did his duty in the premises, from thence the presumption arises that Joseph Conley *was* an elector; but such a presumption can not either overlook or overcome the presumption of innocence, which in every case is to be regarded by the jury as *matter of evidence* to the benefit of which the party is entitled. [1 Greenleaf Evid. (14 Ed.), sec. 34.]

One presumption can not overthrow another, nor, as a rule, can a man be convicted of a crime upon a mere prima facie case being established in a criminal prosecution, because

such prima facie case does not generally rebut the presumption of innocence, or shift the burden of proof.   [3 Rice, Evid. 427.]

It is true that the Legislature may, to a certain extent, declare what shall be presumptive evidence of any fact (3 Rice, Evid. 38, and cas. cit.; State v. Buck, 120 Mo. 479), but there has been no legislative declaration as to what shall be presumptive evidence in the class of crimes now· under discussion; or perhaps it might be beyond the legislative power to declare that the presumption that a registration officer has done his duty, should be presumptive evidence that another man had committed a crime; and yet in substance and effect this is what the instruction in question told the jury.

In circumstances such as here presented, the establishment of inferences, however strong, or probabilities however great, will not warrant a conviction.   The doctrine of chance does not apply here.   [Ogletree v. State, 28 Ala. 693, Amer. Lead. Cas. 659; Com. v. McKie, 1 Gray 61.]

Besides, this prosecution was instituted on the hypothesis that Joseph Conley was a *living* elector whom Daniel Shelley endeavored to personate, since the indictment does not state that Conley was *dead* at the time he was personated, which it would have had to do, had such been the fact.   But Conley though an elector *at the time* of his registration, may not have been alive at the time he was personated, or at that time may have been a non-resident of the alleged precinct, in which case, of course, no conviction could have been had.   And the burden was on the State to establish by something more than a mere presumption, to establish beyond a reasonable doubt, that Joseph Conley was an elector of the particular precinct alleged in the indictment, *at the time* Dan Shelley is charged with having personated him.

For these reasons, the judgment will be reversed and the cause remanded.   All concur.