## THE STATE v. O'BRIEN, Appellant.

### Division Two, May 13, 1902.

**Elections:** FALSE IMPERSONATION OF ELECTOR: REGISTRATION BOOKS: SUFFICIENCY OF PRESUMPTION. On a prosecution under Revised Statutes 1899, section 7261, which makes it a felony for one to personate an elector, an instruction that, if the jury believed from the evidence that the name of L. appeared upon the registration books of a certain precinct, this fact was prima facie evidence that L. was an elector, was error, as the mere presumption that the registration books were correct was insufficient to overcome the presumption of defendant's innocence (Following State v. Shelley, 166 Mo. 616).

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferris*, Judge.

REVERSED AND REMANDED.

*T. J. Rowe* for appellant.

The case of State v. Shelley, 166 Mo. 616, is decisive of this case. The judgment should be reversed and the cause remanded.

*Edward C. Crow*, Attorney-General, for the State.

The case of State v. Shelley, 166 Mo. 616, was reversed, the court holding the instruction given was erroneous. Since this case contains the same instruction, it should also be reversed.

SHERWOOD, P. J.—Prosecution under section 7261, Revised Statutes 1899, which makes it a felony for one to personate an elector, etc.

The court gave this instruction: "Second. A. The court instructs the jury that if you believe from the evidence that the name of Thomas Leonard appeared upon the registration books of the particular precinct in the indictment named and offered in evidence, then this fact is prima facie evidence that said Leonard was an elector and entitled to vote in said precinct."

There was no evidence to support the charge that Thomas Leonard was an elector except his name was registered as of a certain number. The mere fact of such registration was, of course, insufficient to overcome the presumption of defendant's innocence and thus convict him of a crime. Something more is necessary to convict of a crime besides a mere presumption that a registering officer has done his duty. The same question here presented was also presented in State v. Shelley, 166 Mo. 616; for like reason as there presented, the judgment will be reversed and the cause remanded. All concur.