## STATE OF MISSOURI, Respondent, v. JAMES, Appellant.

**St. Louis Court of Appeals, October 20, 1908.**

1. **CRIMINAL PRACTICE: Larceny: Reasonable Doubt.** In the prosecution of a defendant for petit larceny, the evidence is examined and held sufficient to raise a reasonable doubt as to the defendant's guilt.

2. ————: ————: **Ownership: Presumptions.** A defendant charged with larceny of another's property cannot be convicted in the absence of proof as to the ownership of the property. While possession is prima-facie evidence of ownership in the person from whom the property was stolen, it is not sufficient to overcome the presumption of innocence which attends the defendant throughout the trial.

Appeal from St. Louis Court of Criminal Correction.— *Hon. Wilson A. Taylor,* Judge.

REVERSED AND REMANDED.

*Richard A. Jones* for appellant.

(1) In order to constitute the crime of larceny, it was incumbent upon the State to establish beyond a reasonable doubt that the property charged to have been taken, was that of Amanda Rose and that it was taken without her consent. This it failed to do. R. S. 1899, sec. 1910; State v. Waller, 174 Mo. 518. (2) The evidence did not establish that the property charged to have been taken was that of Amanda Rose, the person in whom ownership is alleged in the information. The State relied solely upon the testimony of a witness to the

effect that on the morning of the occurrence, Amanda
Rose placed in her pocket book ten dollars and had
spent but three or four dollars of it at the time it was
said to have been taken. Where she got this money, or
to whom it belonged is not even hinted at. While bare
possession unexplained will in some instances in a civil
cause, in the absence of evidence to the contrary, raise
presumption of ownership, such presumption will not be
allowed to outweigh or rebut that of innocence. Wad-
dingham v. Waddingham, 21 Mo. App. 628, 629; Klein
v. Laudman, 29 Mo. 259; Johnson v. Railways, 203 Mo.
404; State v. Shelley, 166 Mo. 616; Schulter v. Insurance
Co., 62 Mo. 236; State v. St. John, 68 S. W. 374.   (3)
The evidence does not establish that the property
charged to have been taken from Amanda Rose was so
taken without her consent. Indeed there is nothing to
show any action on her part concerning it one way or
the other, and her evidence was not introduced at trial.
Where non-consent is an ingredient of the offense, as it
is in larceny cases, it must be proved by the best evidence
the nature of the case admits, which is that of the person
whose consent is involved. In the case at bar there was
no evidence concerning this or attempt by the State to
explain the reason for its failure to procure it. Chis-
holm v. State, 45 Ala. 71; Perry v. State, 44 Neb. 416;
State v. Moon, 41 Wis. 686; Bubster v. State, 33 Neb.
663.

BLAND, P. J.—On an information filed in the St.
Louis Court of Criminal Correction, defendant was
found guilty of petit larceny, and his punishment as-
sessed at a fine of ten dollars. His contention in the
court below and on his appeal here, is that the evidence
was insufficient to support a verdict of guilty. Nettie
Nolan, a witness for the State, testified as follows: "I
reside at 6416 Wade avenue, in the city of St. Louis.
About nine a. m., Wednesday, on the 14th of August of
this year, myself and mother, Mrs. Annie Nolan, and

Mrs. Amanda Rose, the complaining witness, went down town in the city of St. Louis, Mo., to do some shopping. We shopped all day until about three o'clock in the afternoon and then while in the Knox Ten-Cent Store on Washington avenue, near Broadway, where Mrs. Amanda Rose stood looking at some things on the counter, while she was so engaged I noticed the defendant put his hand in her pocket and take therefrom something which I afterwards found to be a pocketbook. I told her she had better look and see if the pocketbook was gone. She found it was and the defendant was just then going out on the street and my mother ran after him but they were unable to catch him. I identify the defendant as the man whom I saw put his hand in Mrs. Rose's pocket and take therefrom the pocket-book."

Mrs. Annie Nolan testified as follows: "I reside at 6416 Wade avenue, in the city of St. Louis. Wednesday morning, August 14th of this year, my daughter, who has just testified, and myself went down town in the city of St. Louis, Mo., with Mrs. Amanda Rose, who was visiting us from Illinois, for the purpose of making some purchases. In the afternoon while in the Knox Ten-Cent Store, on Washington avenue near Broadway, my daughter called my attention to the defendant who was just going out of the door of this store and said he had taken a pocketbook from Mrs. Rose's pocket. I ran after him but was unable to overtake him, and did not again see him until on Saturday, August 17, thereafter, when I was called down to the Four Courts and there identified and now identify the defendant as the man who ran out of the Knox Store with the pocketbook which he had taken from Mrs. Rose. Mrs. Rose had this pocketbook taken by the defendant in her possession when she went down town with us in the morning and she placed therein a ten dollar bill, of which at the time the pocketbook was taken, she had not spent over three

or four dollars, and there was at least $6 in the pocket-book when it was taken from her possession. Mrs. Rose is an elderly lady and lives at Pana, Illinois. She is not in the city of St. Louis at this time."

Officer O'Brien testified he arrested defendant August 16, 1907. This was all the evidence offered by the State.

Defendant and his mother testified that defendant was at his home, No. 5211 Kensington avenue, all the afternoon of August 14th, and are strongly corroborated by the evidence of Dr. J. B. Rule. Defendant proved by several creditable witnesses, including Dr. Rule, that he is a young man of good character.

Wilbur C. Allen testified for defendant as follows: "I reside in the city of St. Louis and am a floor walker in Knox Ten-Cent Store on Washington avenue near Broadway, where the occurrence detailed, in which a pocketbook was said to have been taken from the pocket of Mrs. Amanda Rose, occurred. I saw Mrs. Nolan run to the street after a man, but did not try to stop him. He disappeared in the crowd on Washington avenue. The man she ran after was not the defendant. It was a fellow who had been hanging around a poolroom in the next block from the Knox Store. I once played pool with him. I did not try to stop him because I did not think it was my business to. Saw him putting something in his pocket as he went out the door." Witness also stated that although he saw the person pick Mrs. Rose's pocket and was close to the door he ran out of, and could have stopped him if he had tried, yet he made no attempt to do so.

1. The cause was tried to the court without a jury. No declarations of law were asked or given. It seems to me that the learned trial judge failed to give defendant the benefit of a reasonable doubt of his guilt, and found him guilty on a doubtful preponderance of the evidence in respect to the identity of the person who

picked Mrs. Rose's pocket. Neither of the Nolans were acquainted with defendant. Nettie Nolan testified she saw him put his hand into Mrs. Rose's pocket and go out on the street. Mrs. Annie Nolan testified she saw him from the inside of the store as he was going through the door. She only saw his back and could not, with any degree of certainty, identify him. The other State-witness's view of him was but for a moment and under circumstances calculated to excite her, and she might very well have been mistaken as to his identity. Allen testified the man Mrs. Nolan ran after on the street (whom she identified was defendant) was not defendant, but a fellow who had been hanging around a pool-room in the adjoining block. This evidence, in connection with the evidence of defendant's good character, was ample to raise a reasonable doubt as to whether or no defendant was the person who picked Mrs. Rose's pocket.

2.     East defines larceny to be "the wrongful or fraudulent taking or carrying away by any person of the personal goods of another, from any place, with felonious intent to convert them to his (the other's) own use, and make them his property, with out the consent of the owner." [2 Bishop's New Criminal Law, sec. 811.] To prove the offense charged, it was incumbent on the State to prove that Mrs. Rose was the owner of the pocketbook and its contents and that they were taken without her consent. Proof that they were taken from her pocket, under the circumstances narrated by the State's witnesses, was sufficient to show that she did not give her consent to have her pocket picked. But there is no direct or positive evidence that she was the owner of the pocketbook and its contents, though her possession of them was prima-facie evidence of her ownership. But this mere prima-facie evidence of ownership, proof of which is indispensable to warrant a conviction, is not sufficient to overthrow the presump-

tion of innocence which attended defendant throughout the trial. One presumption cannot overthrow another, nor should a man be convicted of a degrading crime upon a mere inference of an essential fact. [State v. Shelley, 166 Mo. l. c. 618-619, 66 S. W. 430; Klein v. Laudman, 29 Mo. 259.]

The judgment is reversed and the cause remanded. *Goode* and *Nortoni, JJ.*, concur in second paragraph.