## STATE OF MISSOURI, Respondent, v. JOSEPH ROSWELL, Appellant.

### St. Louis Court of Appeals, December 30, 1910.

1. **CRIMES AND PUNISHMENTS: Conclusiveness of Finding.** A judgment of conviction, in a criminal prosecution, is conclusive, although there is only slight evidence to support it.

2. **LARCENY: Necessity of Proving Ownership.** To constitute "larceny," the thing stolen must be the property of another; but either general or special ownership may be sufficient.

3. ———: **Necessity of Proving Ownership as Laid.** Ownership of property stolen must be proved as charged, except that there may be an immaterial variance under the statute.

4. ———: ———. To convict of larceny of money from a pocketbook, ownership of the money must be proved as charged; proof of ownership of the pocketbook being insufficient.

5. ———: ———: **Evidence: Presumptions.** The presumption of accused's innocence of stealing money of a particular person from a pocketbook cannot be overthrown by a presumption that that person owned the money because it was in a pocketbook shown to be his.

6. **CRIMES AND PUNISHMENTS: Evidence: Presumption of Innocence: Presumption Against Presumption.** It being presumed by the law that all persons are innocent of the offense charged, until facts or circumstances affording a legitimate inference to the contrary are shown, one may not be convicted of a crime upon a mere prima facie case, established through the medium of presumptions raised by the law, since a presumption of that character will not be allowed to overthrow or destroy the effect of the presumption of innocence.

Appeal from St. Louis Court of Criminal Correction.— *Hon. Benjamin J. Klene,* Judge.

REVERSED AND REMANDED.

*Thos. B. Estep* for appellant.

(1) The court erred in not discharging appellants at the conclusion of the state's case. The evidence is

circumstantial and inconclusive both as to the *corpus delicti*—the loss of the property by means of a larceny and the agency of appellants therein. State v. Johnson, 209 Mo. 357; State v. Francis, 199 Mo. 671; 1 Bishop's Criminal Procedure (2 Ed.), secs. 1050-71; Rice on Evidence, secs. 292-293, 342-356. (2) It is manifest that if the prosecuting witness lost the property in the manner the state contends then it was taken by one, but which one? And in the absence of evidence of any conspiracy, how can both or either be held? 1 Bishop on Criminal Proc. (2 Ed.), sec. 106. (3) We respectfully urge that this case comes within the doctrine announced in case of State v. James, 133 Mo. App. 300.

*Philips W. Moss* for respondent.

NORTONI, J.—Defendant was convicted of the offense of petit larceny and from that judgment prosecutes an appeal.

One, David Sorrells, from whom the money is alleged to have been stolen and in whom the property right is laid, gave testimony for the state as follows: Sorrells said he lived at the Buckingham Annex and upon leaving there about seven o'clock on the morning of July 16th, he had a ten dollar bill in his pocketbook, which pocketbook he carried in his hip pocket. On arriving at Eighteenth street about seven-thirty, he left the Laclede car, on which he was riding, with the purpose to transfer on a Park avenue car going north on Eighteenth street. Upon alighting from the Laclede car, he saw defendant and one, Downey, standing on the corner. When the Park avenue car approached from the south, he, in company with several others, was in the act of boarding the same and felt himself pushed by defendant and Downey immediately behind him and, indeed, felt defendant's hand or arm in the region of his back. Both defendant and Downey boarded the car as he did and rode a couple of blocks north when

they left it.   After defendant and Downey had left the
car, the witness missed his pocketbook in which was
contained the ten dollar bill, and he surmised that the
men who pushed him on boarding the car had gotten it.
Witness knew he had a ten dollar bill in his pocketbook
on leaving his boarding place about seven o'clock and
knew both the bill and pocketbook were missing from
his pocket about thirty minutes thereafter, which was
a few minutes after defendant and Downey left the
car on which he was riding.   On complaint being made
to the police, a description of the two men was given
and they were arrested a few days thereafter at Forest
Park Highlands.   There is no evidence that the money
or pocketbook was found upon either.   Defendant Ros-
well was found guilty and his punishment fixed at one
year in the workhouse notwithstanding the master of
the Union Market gave testimony positively for him
to the effect that at the time in question defendant was
engaged at his usual occupation in cleaning up the mar-
ket where it is said he worked every day.   At best, it
must be said that there is only slight evidence to sup-
port the judgment of conviction, but we regard the
identity of defendant, his being present at the point in
question and the matter of sleight-of-hand performance
which operated to relieve Sorrells of his pocketbook, as
concluded by the judgment, for these were matters to
be determined by the court from the facts and circum-
stances in proof as detailed by the witnesses on the
stand.

However, the judgment must be reversed for the
reason the record is entirely barren as to the ownership
of the ten dollar bill.   The precise charge against de-
fendant is that he stole ten dollars, lawful money of
the United States, the property of David Sorrells, then
and there being.   Under any and every definition of the
crime of larceny, the thing stolen must be the property
of another though either a general or special ownership
may be sufficient.   [State v. Moore, 101 Mo. 316, 14

S. W. 182; 2 Bishop's New Criminal Law (8 Ed.), sec. 758; sec. 4535, R. S. 1909; sec. 4549, R. S. 1909.] The ownership of the property said to have been stolen is descriptive of the offense and as such must be proved as laid in the indictment unless it be in the case of an immaterial variance under our statute. [Bishop's New Criminal Procedure (4 Ed.), sec. 718; State v. Crow, 54 Mo. App. 208; State v. Nelson, 101 Mo. 477, 14 S. W. 718; State v. James, 133 Mo. App. 300, 113 S. W. 232.] But in this case, there is no question of variance presented, for the information charges the money stolen to be the property of David Sorrells and the proof offered is insufficient to show it was his property or that of any one else. Indeed, there is not a suggestion in the record as to who owned the money said to be the subject of the larceny. Sorrells made no statement as to the ownership of the money though he did say it was in his pocketbook. It seems the pocketbook and money were both asportated or lost to him but there is no charge of larceny in the information with respect to the pocketbook. The sole charge relates to stealing ten dollars lawful money, the property of Sorrells. On the proof as made, the most favorable view which may be accorded in favor of sustaining the judgment is that by showing the pocketbook was Sorrells' property and the ten dollar bill was in it a presumptive ownership of the ten dollar bill is shown, for possession of the bill alone is prima facie evidence of its ownership. Such would be all sufficient in a civil case but this is not true in a criminal proceeding where the burden is on the state to prove every element of the offense charged beyond a reasonable doubt to the contrary. The ownership of the ten dollar bill and not the pocketbook is the question with which the court is concerned and such is an essential element to the offense of larceny, for it is the bill that is charged to have been stolen. Until the ownership is shown by something more than a mere presumption of law to the effect that possession is prima

facie evidence of ownership, the matter is repelled and overcome by the presumption of innocence which attends the accused at all times throughout the trial. A valid distinction obtains with respect to the force and effect of such presumptions invoked by the state in a criminal proceeding and those which may be invoked in civil actions. The Anglo-Saxon love of liberty culminates in the doctrine that all persons are presumed innocent of the offense charged until such presumption is overcome by showing a state of facts or circumstances which afford a legitimate inference to the contrary. As a rule, therefore, one may not be convicted upon a mere prima facie case being established through the medium of presumptions which are raised by the law, for one presumption of that character will not be allowed to overthrow or destroy the effect of another. [State v. Shelley, 166 Mo. 616, 618, 66 S. W. 430.] In this view, it has been heretofore ruled that though the evidence showed the subject of the larceny was taken out of the possession of a person who upon that showing was prima facie the owner, the proof of ownership was insufficient to overcome the presumption of innocence which obtains in defendant's favor until removed by a showing of facts or circumstances beyond a reasonable doubt to the contrary. [State v. James, 133 Mo. App. 300, 113 S. W. 232.]

Because of the insufficiency of the proof as to ownership of the bill, the judgment will be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.