THE STATE v. ARTHUR DUMMITT, Appellant.—2 S. W. (2d) 731.

Division Two, February 18, 1928.

1186

*North T. Gentry,* Attorney-General, and *A. B. Lovan,* Assistant Attorney-General, for respondent.

BLAIR, J.—By an information filed in the Circuit Court of Barry County, appellant was charged with the felony of stealing chickens in the nighttime from the premises upon which the dwelling house of the owner was situated. A change of venue was granted to Lawrence County, and there appellant was tried and found guilty. He was sentenced to imprisonment in the county jail for six months and to pay a fine of fifty dollars, in accordance with the verdict of the jury, and has appealed from such judgment.

As it is not contended that the evidence did not authorize submission of the case to the jury, a very brief statement of the facts will suffice. Mrs. Mary Moss lived on her farm in Barry County a few miles southeast of Monett. Her son, Luther Tate, who was unmarried, lived with her. She had a number of chickens, including some of the Rhode Island Red and Plymouth Rock varieties. Hens and young chickens of frying size were included in the flock. Mrs. Moss's chickens roosted about the trees and fences and in boxes, etc., within the fence inclosing the premises occupied by her dwelling house.

A number of chickens, which were there the night before, were missed by Mrs. Moss at feeding time on the morning of June 27, 1925. She and her son went to Monett that day and looked over a number of chickens in the yard of a local produce house. A number of chickens were there identified by Mrs. Moss as her property. Tate identified one of the chickens particularly which was marked and colored in an unusual manner. The following day the officers took to Mrs. Moss's home the chickens which she had claimed as her own. On being turned loose in the yard, the young chickens immediately answered the call of an old mother hen in charge of the portion of her brood remaining after the theft, and these chickens at once joined the family circle and were taken in and accepted as part of the family. The others also appeared to be at home.

The Monett produce merchant testified that the chickens turned over by him to Mrs. Moss had been purchased by him from appellant the morning after they were missed by Mrs. Moss. Appellant was arrested by an officer that same morning on some other charge before the officers knew that any chickens had been stolen from Mrs. Moss. Two sacks, bearing evidence of having contained chickens,

were found in the Ford roadster appellant was driving. In fact, appellant admitted selling the chickens at the produce house. When arrested he first told the officers that the chickens belonged to one Claud Beemer.

At the trial appellant testified that Luther Tate, Mrs. Moss's son, had asked him to sell the chickens for him, as he did not want his mother to know that he was selling them, although appellant testified that Tate claimed to own the chickens. Appellant said that Tate agreed to procure the chickens and leave them in the woods at a designated spot, and that appellant agreed to get them and take them to town and sell them and to use the proceeds to buy a sack of corn chops and as much sugar as the remaining money would buy. All testimony of this sort was denied by Tate. This proof, together with some rather indefinite evidence about a copper boiler being repaired, was doubtless introduced to leave the impression with the jury that Tate was engaged in making whiskey.

The State offered evidence tending to prove that appellant's reputation for truth and veracity was bad. The State was also permitted, without objection on the part of appellant, to show that Tate bore a good reputation for truth and veracity. If other facts need to be stated, they will be detailed in connection with our consideration of the errors charged to have been committed by the trial court.

The evidence tending to show the presence of the chickens at sundown on June 26th on the premises on which the dwelling house of Mrs. Moss was situated and their absence therefrom the next morning, coupled with proof of their presence in Monett, several miles away, without the knowledge or consent of Mrs. Moss or her son, was sufficient to authorize the jury to find that the chickens were stolen in violation of Section 3314, Revised Statutes 1919. The fact that appellant was admittedly in possession of the chickens early the following morning, absent a satisfactory explanation of such possession consistent with innocent possession on his part, was sufficient to justify a finding by the jury that appellant was the thief.

Appellant has not favored us with a brief. We find five assignments of error in the motion for new trial, which was filed after Section 4079, Laws 1925, page 198, became effective. Assignments I and II purport to charge the trial court with error in the admission and exclusion of testimony. These assignments are in general terms and are too indefinite to authorize appellate review. [State v. Standifer, 289 S. W. (Mo.) 856.]

Assignment III is sufficiently definite. It complains of error growing out of alleged improper argument made to the jury by the assistant counsel for the State. However, the transcript fails to disclose any of the argument made to the jury or the fact that any objections whatever were made to it by appellant. The assignment therefore cannot be considered for want of a basis in the record.

Assignment IV charges that the court improperly forced appellant to trial in the absence of expected and important witnesses. Like assignment III, this assignment is not founded upon any occurrence recorded in the bill of exceptions. The assignment does not prove itself. We are not authorized to consider it.

The final complaint in the motion for new trial is that the court improperly permitted the State to prove the good reputation of Luther Tate for truth and veracity, when his reputation in that respect had not been attacked by appellant. An examination of the record discloses that no objection whatever was made when this character of testimony was offered. In the absence of both objection and exception and without the court having been otherwise asked to rule upon the propriety of the proof, the question was not properly saved for appellate review.

The foregoing disposes of all the errors assigned in the motion for new trial. Count 1 of the information, upon which appellant was found guilty, carefully follows the language of the statute and is sufficient.

The verdict found appellant guilty as charged in the first count of the information and assessed his punishment at imprisonment in the county jail for six months and a fine of fifty dollars. No complaint is made of the verdict. But it is part of the record proper and it is our duty to determine whether or not the punishment assessed therein was authorized by law. The maximum imprisonment in the county jail authorized by Section 3314, Revised Statutes 1919, under which the information was drawn, is "by confinement in the county jail not exceeding two months," etc. Assessment of imprisonment in the county jail for six months was unauthorized.

Section 4050, Revised Statutes 1919, provides:

"If the jury assess a punishment, whether of imprisonment or fine, greater than the highest limit declared by law for the offense of which they convict the defendant, the court shall disregard the excess, and pronounce sentence and render judgment according to the highest limit prescribed by law in the particular case."

The trial court should have rendered judgment on the verdict of guilty returned by the jury and should have fixed the appellant's

punishment in such judgment at confinement in the county jail for two months, the highest limit of imprisonment in jail authorized by Section 3314, and at a fine of fifty dollars. The error committed by the imposition in the judgment of an excessive term of imprisonment in jail does not require a retrial of the case. It only makes necessary the entry of a new judgment.

The judgment is reversed and the cause remanded with directions to the trial court to bring appellant before it and to enter a new judgment on the verdict in accordance with Section 4050, Revised Statutes 1919. All concur.