**STATE of Missouri, Respondent,**

v.

**Clarence Norman CLINE, Appellant.**

**No. 53967.**

Supreme Court of Missouri,
Division No. 1.

April 13, 1970.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

James E. Brown, Joplin, for appellant.

HIGGINS, Commissioner.

Clarence Norman Cline, charged as a second offender, Section 556.280, V.A.M.S., and with burglary, second degree, and steal-

ing, Sections 560.070, 560.110, V.A.M.S., was convicted by a jury of burglary, second degree, and stealing, and the court fixed his punishment at, and sentenced him to, imprisonment for 15 years for burglary and 10 years for stealing, the sentences to run consecutively and not concurrently.

Appellant's first attack goes to the amended information upon which he was tried. He contends its allegations are not sufficient to invoke the second offense statute, Section 556.280, supra, in that it did not allege that he had been "'imprisoned,' fined, paroled, or placed on probation" following his prior conviction, see State v. Watson, Mo., 383 S.W.2d 753, 756 [2], State v. Wiley, Mo., 412 S.W.2d 485, 487 [3], State v. Martin, 441 S.W.2d 376, 377, and that the proof and the trial court's findings of prior conviction were similarly defective, and he was therefore entitled to have the issue of punishment submitted to the jury.

■ The sufficiency of the information to invoke provisions of the second offense statute is manifest in the allegation that "on or about the 25th day of April, 1955, in the County of Jasper and State of Missouri, Clarence Norman Cline was duly charged and convicted * * * of the offense of Car Theft, and was on April 25, 1955, sentenced upon said conviction to a term of Three Years in the Missouri State Penitentiary, and was thereafter committed to the Department of Corrections of the State of Missouri, from which penal institution he was discharged under commutation of sentence on the 20th day of February, 1957." The term "committed" performs the same function as the term "imprisoned" within the meaning of the second offense statute. State v. Briggs, Mo., 435 S.W.2d 361, 362–363 [1, 2].

■ Proof of the prior conviction was made from the records of the Circuit Court of Jasper County showing that on April 25, 1955, Clarence Norman Cline was convicted of "grand larceny of an automobile," punishable by imprisonment in the penitentiary

under the law then in force, Section 560.-165, RSMo 1949, as well as under present law, Section 560.161, V.A.M.S., and that he was on that date sentenced to three years' imprisonment; and by certified transcript from the department of corrections showing his commitment at, and discharge from, the department of corrections. Upon the charge and proof, the court found that Clarence Norman Cline had a prior conviction under date of April 25, 1955, for "grand larceny, being theft of an automobile," was sentenced to three years' imprisonment in the penitentiary, was committed to the department of corrections, and subsequently was discharged upon commutation February 20, 1957. Such proof and findings are sufficient. State v. Briggs, supra.

■ Appellant also asserts these proceedings to be defective because the allegations and proof go to show a sentence of imprisonment in the penitentiary, while the commitment was to the department of corrections; however, this is proper procedure under Sections 216.208 and 216.209, V.A.M.S.

Appellant relied on alibi, and challenges the sufficiency of evidence in three respects, contending: (a) there is no evidence defendant was ever in the burglarized building until ordered there by the owner; (b) there is no evidence that defendant took anything from the burglarized building; (c) there is no evidence of ownership of the property alleged to have been stolen.

The charge was that Clarence Norman Cline on December 28, 1967, feloniously and burglariously broke and entered the Bradbury-Bishop Drugstore owned by Harry Bishop with intent to steal property from that building, and with feloniously stealing three Timex watches from their owner, Harry Bishop. A brief statement of the evidence with respect to each contention demonstrates their lack of merit.

■ On December 27, 1967, Harry Bishop was the owner and operator of a

**193**

drugstore in Webb City, Missouri, known as Bradbury-Bishop Drug Company. At about 9:00 p. m., he closed and locked the store but remained in the office of the store to work on his records and books. In the early morning of December 28, 1967, he heard a rattle at the back door, which consisted of two iron doors with a screen door between them and an inner wooden door, all of which were locked. He heard a jar of the iron doors, a smash of the screen door, and a lifting of the latch on the wooden door. He stepped to the telephone, called the police, turned off the light and positioned himself where he could see from his office into the outer portions of the store. He heard loud talking and singing, "a regular brawl of some type." One person, a crippled man, came and stood near the office. Mr. Bishop turned on the lights and ran after the crippled man, at which time he noted two other men up front near the cash register and jewelry counter. All three, with Mr. Bishop chasing them, headed for the rear door where they were stopped by Officers Bell and Heaton with guns drawn. One man, later identified as Clarence Norman Cline, jumped into a trash bin near the door, and the other two, later identified as Roy Maggard and Dick Gerard, were stopped after they ran out the door. Mr. Bishop identified appellant at the trial as one of the men in his drugstore. All three were brought into the store after these events. Two screwdrivers were found near the back door. This was sufficient to show appellant's presence in the drugstore as a result of a burglarious entry, see State v. Ruffin, Mo., 286 S.W. 2d 743, and to refute appellant's contention (a).

■ It was not necessary to show that appellant, himself, took anything from the store, because when more than one person enters a store for purposes of stealing and but one steals, all are equally guilty. State v. Slade, Mo., 338 S.W.2d 802, 806 [5]. There is evidence to show that three Timex watches were taken and moved, and that they were abandoned when the police arrested the three men while fleeing from the store. When Chief of Police Alexander came to the store following the arrest of appellant and his companions, he went to the jewelry case, found it open, and on the floor found three empty watch cases. Two watches of the kind ordinarily kept in the jewelry case were found behind the store where Officer Bell saw Dick Gerard throw them. A third watch of the same type was found on the floor near the back door. The crippled man, Roy Maggard, stayed near the office from which Mr. Bishop made his observations and Dick Gerard and appellant were at the register and jewelry case. Mr. Bishop had checked the security of his jewelry case when he locked the store at 9:00 p. m. on the 27th. This was sufficient to show that three watches were taken while appellant, Gerard, and Maggard were in the store following their burglarious entry into the store and to refute appellant's contention (b).

■ Mr. Bishop identified the watches by their type and he placed his retail value on each of them. When they were found by the police they were given to Mr. Bishop but he left them with the chief of police, presumably as evidence. Mr. Bishop had seen them since December 28, 1967, and they were undamaged and in the same condition as when they were inside his jewelry case. This, with the other evidence, was sufficient to show Mr. Bishop's ownership of the watches and to refute appellant's contention (c).

In this last respect, appellant cites State v. Lackey, 230 Mo. 707, 132 S.W. 602, 604 [4], that a conviction for stealing cannot stand without proving ownership of the property stolen; State v. Roswell, 153 Mo.App. 338, 133 S.W. 99, 100 [3], that proof of ownership of a building does not prove ownership of its contents; State v. James, 133 Mo.App. 300, 113 S.W. 232, that possession alone is not sufficient to prove ownership; and State v. Celmars, Mo.App., 399 S.W.2d 145, that a convic-

tion of stealing cannot stand absent proof that the property found in the accused's possession was stolen. There is no quarrel with these authorities; they are simply not in point because, as demonstrated, the watches were shown to be the property of Harry Bishop and they were taken and moved in the course of a burglary of his store.

By Instruction 3 the jury was instructed "that, when two or more persons knowingly act together in the commission of an unlawful act or purpose, then whatever either does in furtherance of such unlawful act or purpose is in law the act and deed of each of such persons." Appellant says that since he was not charged with "the joint commission of the alleged offense, but was charged singly," there was no basis for giving this instruction.

■■■ Section 556.170, V.A.M.S., provides that every person who shall be a principal in the second degree in the commission of any felony or who shall be an accessory to any felony before the fact, shall, upon conviction, be adjudged guilty of the same offense in the same degree, and may be charged, tried, convicted, and punished in the same manner as the principal in the first degree. The statute thus eliminated all distinctions between principals in the first and second degree and aiding and abetting. Under the statute all persons who participate in a crime may be charged, tried, convicted, and punished alike. Accordingly, an instruction to that effect was proper in this case and its exact form has been often approved, e. g., State v. Slade, supra, 338 S.W.2d 806 [7]; and see also State v. Garton, Mo., 371 S.W. 2d 283, 288–289 [5], and State v. Russell, Mo., 324 S.W.2d 727, where the substance of such instruction was approved when given along with the familiar contrary instruction that mere presence of a person at or near a crime scene does not render that person liable as a participant.

Having thus told the jury for what acts appellant could be held liable, the court gave Instruction 4 which authorized the jury to convict of burglary, second degree, if it found beyond a reasonable doubt that defendant, "in company with others did * * * break into * * * a certain store building * * *"; and Instruction 5 which authorized a conviction for stealing also if it found beyond a reasonable doubt that defendant "in company with others * * * broke into and entered a certain store building * * * with intent to steal * * * and * * * that said defendant did * * * take, steal and carry away * * * three Timex watches * * *." Appellant, now saying that Instruction 3 "is a correct general statement of the law relating to Principals," charges that the use of "in company with others" in Instructions 4 and 5 is a misdirection authorizing conviction for mere presence at the scene. See State v. Castaldi, Mo., 386 S.W.2d 392; State v. Rogers, Mo., 380 S.W.2d 398; State v. Schleicher, Mo., 438 S.W.2d 258; State v. Irby, Mo., 423 S.W.2d 800.

■■■ It has already been demonstrated that under Section 556.170, supra, both principals and accessories may be charged as principals and the cause may likewise be submitted against both principals and accessories as principals. State v. Garton, supra, 371 S.W.2d 1. c. 289 [5]; State v. Present, Mo., 344 S.W.2d 9, 11–13 [3–7]. Instructions Nos. 4 and 5 follow forms approved in those cases and direct the finding of defendant's participation in the crime as opposed to mere presence at the scene within the meaning of Section 556.170, supra, as instructed by Instruction 3. If anything, the phrase "in company with others" adds to the state's burden but, in any event, may be and is treated as nonprejudicial surplusage. State v. Arthur, Mo., 57 S.W.2d 1061 [2].

■■■ Appellant complains also that the court should have set the jury verdict aside because it was rendered after only ten minutes' deliberation. There is nothing in the record to support this assertion and, in any event, no authority has been cited

suggesting misconduct of a jury on account of the amount of time spent in deliberation.

 Appellant's final contentions are that the trial judge was unfair, biased, and prejudiced in his sentencing procedure because he considered matters outside the record, such as background of the defendant, publicity showing frequent brushes with the law, the necessity of deterring defendant from further violations of the law, and defendant's party celebrating his making bond on the night the crime was committed[1]; and that the sentence was excessive. These matters do not establish misconduct of the judge in arriving at the punishment and sentence because, in determining sentence, a court should take into account the nature and circumstances of the offense together with character and propensities of the offender, as well as his past as it may indicate present purposes and tendencies and suggest the period of restraint and kind of discipline that should be imposed. State v. Burton, 355 Mo. 792, 198 S.W.2d 19, 22 [8–10].

The consecutive sentences of 15 years for burglary and 10 years for stealing are in error and excessive because they are beyond the maximum penalties prescribed by law. Under Section 560.095 [2] the punishment for burglary, second degree, which is what was charged, submitted, and found in this case, is imprisonment for not less than two nor more than ten years; and under Section 560.110, supra, when stealing is found in conjunction with burglary, as was charged, submitted, and found, the additional punishment for the stealing is imprisonment for not less than two or more than five years. The court shall state whether the additional term for stealing is to run consecutively or concurrently to the term for burglary and, if no such pronouncement be made, the terms shall run concurrently.

It is thus obvious that the sentence is excessive; however, the error in imposing the excessive term of imprisonment does not require a retrial of the case. It only makes necessary the entry of a new judgment. State v. Dummitt, 318 Mo. 1185, 2 S.W.2d 731, 733 [8].

Accordingly, the judgment is reversed and the cause remanded with directions to the trial court to bring appellant before it and to enter a new judgment in accordance with the verdict and Sections 560.095 [2] and 560.110, supra.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

SEILER, P. J., HOLMAN, J. and GODFREY, Sp. J., concur.

---

1. This was established by defendant in his alibi evidence.