STATE of Missouri, Respondent,

v.

Michael Ray DAVIS, Appellant.

No. KCD 26319.

Missouri Court of Appeals,
Kansas City District.

Feb. 4, 1974.

Douglas N. Merritt, Public Defender, Kansas City, for appellant; Willard B. Bunch, Chief Defender, Kansas City, of counsel.

John C. Danforth, Atty. Gen., David Robards, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., SWOFFORD and SOMERVILLE, JJ.

PER CURIAM:

By an amended information, which also alleged prior convictions as a second offender, appellant was charged in usual archaic, disconnected words with the commission of the following offense on August 18, 1969: that he "did then and in and upon one Clifford Dempsey, feloniously wilfully, on purpose and of his malice aforethought, make an assault, and the said MICHAEL RAY DAVIS with a certain deadly weapon, to-wit: a pistol loaded with gunpowder and leaden balls, then and there feloniously, wilfully, on purpose and of his malice aforethought, did shoot off at, against and upon said Clifford Dempsey then and there giving to the said Clifford Dempsey in and upon the head and body of him the said Clifford Dempsey with the pistol aforesaid did wound, with the felonious intent then and there him the said Clifford Dempsey feloniously, wilfully, on purpose and of his malice aforethought to kill and slay; against the peace and dignity of the State."

A jury was waived by both parties and the trial was to the court which after hearing the evidence found appellant "guilty of the crime charged, assault with intent to kill with a pistol, with malice." A presentence investigation was ordered, and on April 23, 1970, appellant was sentenced to 17 years imprisonment in the Department of Corrections. On July 20, 1972, a motion under Rule 27.26, V.A.M.R., was sustained by the court to the extent of resentencing appellant (to the same sentence of 17 years, but with credit for all time spent in jail and in the penitentiary). This timely, although much belated, appeal followed.

Although appellant states in his sole point that the court erred in overruling his motion for new trial because its judgment was not supported by the "weight of the evidence" it is obvious from a reading of his entire brief that he is attacking the sufficiency of the state's evidence to support the judgment. The point will be so treated.

On August 18, 1969, Officer Clifford O. Dempsay, from his unmarked police car, on Twelfth Street, observed two men in the alley between Main and Walnut Streets in Kansas City, Missouri. Dempsay entered the alley and asked the men concerning their activities. Appellant awaited the officer's approach, and the other ran, but returned upon Dempsay's command, who then recognized him as Kenneth Rayford, who was wanted for murder. Dempsay pulled his gun and ordered the men to submit to search for weapons. Standing about 5 feet apart the men placed their hands outstretched on the wall, and because appellant was abusive Dempsay began to handcuff him thinking he was unarmed and that the other man had a gun in his belt. Appellant was between Dempsay and Rayford, who then crouched, drew a gun and fired one shot at Dempsay. Still holding onto appellant, Dempsay fired. Rayford stood up and Dempsay shoved appellant, who was to his left, in Rayford's direction and appellant and Rayford collided. Appellant then turned to Dempsay's left and pointed a pistol at him. Dempsay's attention was then directed at Rayford, who was to his right, but he turned back toward appellant and fired one time, and appellant went down. Dempsay then turned back to Rayford and fired again. During this time Dempsay was hit on the left side of his left calf, with the bullet exiting from the right side of his left leg, appellant then being on his left and Rayford on his right.

Dempsay did not know for sure which of the two men shot him. Dempsay pro-

cured a shotgun from the patrol car and saw appellant attempting to rise with a gun in his hands, which Dempsay knocked away from him. When other officers arrived, appellant had a .38 calibre, 5 cylinder revolver containing 4 live rounds in its cylinders, in his hand. He had 14 rounds of the same calibre ammunition in his pocket. Of the 4 live rounds in the revolver one showed evidence of having been struck off center by the firing pin. The fifth cylinder was empty. The .38 calibre guns used by Officer Dempsay and Rayford each contained 6 expended casings in the chambers. Another officer upon search found a spent casing of .38 calibre in the area, but later lost it. Officer Mason testified that he determined from the odor of appellant's gun that it had been fired within 5 hours previously. Dempsay also testified that he could not be sure whether it was appellant or Rayford who shot him.

§ 559.180, RSMo 1969, V.A.M.S., "Assault with intent to kill," provides for imprisonment for not less than two years for "Every person who shall, on purpose and of malice aforethought, shoot at or stab another, or assault or beat another with a deadly weapon, or by any other means or force likely to produce death or great bodily harm, with intent to kill, * * *." Apparently, appellant contends that there was insufficient evidence to establish that he actually shot Dempsay. The contention must be ruled against appellant. The evidence that appellant was to Dempsay's left, and Rayford was to his right, when Dempsay was shot in the left side of his left calf with the bullet exiting from the right side of his left leg; together with the evidence that appellant had a gun pointed at Dempsay; that a shell casing matching the calibre of that gun, which had an empty chamber and a misfired round in it, is sufficient to support a conclusion that appellant actually shot Dempsay. The facts show additionally that appellant and Rayford were acting in concert in the affray and the assault upon Dempsay, and thus appellant's contention that the proof might not be susceptible of a finding of which of the two actually wounded Dempsay is ill-founded. § 556.170, RSMo 1969, V.A.M.S. See State v. Lunsford, 331 S.W.2d 538, 540 (Mo.1960) construing this statute to mean that an indictment or information may charge a defendant either as a principal or as an aider or abettor with the same legal effect. And see also State v. Cline, 452 S.W.2d 190 (Mo.1970), which holds that all who participate in a crime may be charged, tried, convicted, and punished alike. Since the amended information charged appellant as a principal with shooting at, against and upon Dempsay, wounding him, with intent to kill, and the proof showed that he participated in the commission of the crime, all as permitted under Lunsford and Cline, supra, there is no merit in his claim that no submissible case was made.

The judgment is affirmed.