STATE of Missouri, Respondent,

v.

Charles F. RICE, Appellant.

No. KCD 26376.

Missouri Court of Appeals, Kansas City District.

June 3, 1974.

Rehearing Denied July 19, 1974.

James P. Fluker, Kansas City, for appellant.

John C. Danforth, Atty. Gen., and Donald R. Bird, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

SHANGLER, Judge.

The defendant Charles F. Rice and one Byron K. Ware were jointly charged in a single count information with the offense of burglary and stealing. Ware pleaded guilty to the charge and later testified for the State at the trial of defendant Rice. Ware gave evidence that he and defendant Rice broke into, entered and stole certain property from the residence of one Letha Keller.

The court charged the jury by Instruction No. 3 [here given in relevant part] that

All persons are equally guilty who act knowingly and intentionally with a common intent in the commission of an offense, and an offense so committed jointly by two or more persons is the act of each and all, and whatever any does in furtherance of the unlawful act is in law the deed of each person.

The court charged the jury by Instruction No. 4 [here given in relevant part]

If you find and believe from the evidence beyond a reasonable doubt:

First, that the defendant is guilty of burglary in the second degree as submitted in other instructions herein, and

Second, that after committing that offense the defendant, either alone or knowingly acting in concert with others stole miscellaneous jewelry . . . then you will find the defendant guilty of burglary in the second degree and stealing.

The defendant contends that the instruction which allows a finding of guilt on the submission that defendant "either alone or knowingly acting in concert with others" submits conspiracy—an offense distinct and separate from burglary and stealing [§ 556.120, RSMo 1969, V.A.M.S.] —but one not charged in the information. This contention of error is without merit. While an information which charges two or more persons jointly with the commission of a felony may incidentally and inherently include the misdemeanor offense of conspiracy, it does not charge conspiracy but a consummated crime. State v. Stidham, 449 S.W.2d 634, 637 [1] (Mo. 1970). And instructions [Nos. 3 and 4] which submit responsibility by defendant for intentionally and knowingly committing an offense in concert with another, proceed on the principle that a joint, active participant in the criminal conduct of another is equally guilty, and are sanctioned by § 556.170, RSMo 1969, V.A.M.S. State v. Cline, 452 S.W.2d 190, 194 [8, 9] (Mo. 1970).

The one-count information which charged defendant Rice and Ware with burglary and stealing was in the form of Rule 25.07, V.A.M.R. which governs the joinder of multiple defendants. The contention of defendant that it was improper to submit the issue [by Instruction No. 4] of whether defendant knowingly acted in concert with another because he was not charged by the information in those terms is also without merit. The statute [§ 556.-170] has eliminated all distinctions between principals in the first and second degree and aiding and abetting; under the law all persons who participate in a crime may be charged, tried, convicted and punished alike. State v. Orrick, 106 Mo. 111, 17 S. W. 176 [1] (1891); State v. Stidham, *supra*, 449 S.W.2d l. c. 638 [2]; State v. Cline, *supra*, 452 S.W.2d l. c. 194 [8, 9]. In the circumstances of this case, there was sufficient proof that defendant committed burglary and robbery as an independent actor and thus the instructions concerning common intent and acting in concert with others was nonprejudicial

surplus and only added to the state's burden. State v. Cline, *supra,* 452 S.W.2d l.c. 194 [10, 11].

The judgment is affirmed.

All concur.