STATE of Missouri, Plaintiff-Respondent,

v.

James JONES, Jr., Defendant-Appellant.

No. 36149.

Missouri Court of Appeals,
St. Louis District,
Division Three.

May 27, 1975.

Jerry Lybarger, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, K. Preston Dean, II, Asst. Attys. Gen., Jefferson City, Timothy Verhagen, and Brendan Ryan, Circuit Atty., Thomas C. Muldoon, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

GUNN, Judge.

Defendant was convicted of robbery in the first degree by means of a dangerous and deadly weapon and sentenced under the Second Offender Act[1] to 25 years imprison-

1. § 556.280 RSMo 1969, V.A.M.S.

ment. Defendant's appeal challenges the sufficiency of the evidence.

██ In considering an appeal where the issue presented is the sufficiency of the evidence, we review the evidence in the light most favorable to the State, disregarding evidence and inferences therefrom which are contrary. State v. Stapleton, 518 S.W.2d 292 (Mo. banc 1975). From the evidence presented, the jury could find that on July 18, 1973 a robbery occurred at the Speckert Drug Store at North Broadway and East Prairie Avenues in St. Louis, with the robbers obtaining about $1,500 in cash and personalty. Three men entered the store about 3 p. m. While one of the men held a sawed-off shotgun to the head of the drug store pharmacist and threatened to blow his head off, the other two men took money from the cash register and a metal locker in the drug store. Wallets and watches were also taken. A sales clerk working in the drug store at the time of the robbery observed the defendant standing outside in front of the store while the robbery was in process. The sales clerk, who knew the defendant by name and who had known the defendant as a customer in the store on previous occasions, testified that during the robbery the defendant stood outside the front door looking up and down the street and occasionally inside the door. The sales clerk also testified that as the robbery approached its conclusion, the defendant opened the door, entered the store and with gesticulations urged the robbers to "come on"; that defendant joined the three robbers and they all fled together on East Prairie Avenue. Defendant's defense was that he was elsewhere in the company of others at the time of the robbery.

██ On appeal, defendant asserts that there were certain discrepancies between the sales clerk's testimony at trial and that given by him at the preliminary hearing; that by reason thereof, the evidence was not sufficiently substantial to support the conviction. While the defendant complains of inconsistencies in the testimony of the State's witness, we observe that there were substantial variances in the testimony of defendant's alibi witnesses. However, the circumstance of the inconsistent testimony goes only to the weight and credibility of the testimony, not the submissibility of the case, and is therefore a matter for jury determination. State v. Williams, 515 S.W.2d 544 (Mo.1974); State v. Jackson, 519 S.W.2d 551 (Mo.App.1975); State v. Banister, 512 S.W.2d 843 (Mo.App.1974). Our function is not to substitute our judgment for the jury's but to determine whether there is sufficient, competent evidence to support the jury's findings. State v. Gamache, 519 S.W.2d 34 (Mo.App.1975).

██ In this case, defendant was linked to the robbery of the Speckert Drug Store. Evidence fairly showing any form of active participation in a crime is sufficient to support a conviction. State v. Cobb, 444 S.W.2d 408 (Mo. banc 1969); State v. Jackson, supra; State v. Rice, 511 S.W.2d 444 (Mo.1974). Presence, companionship and conduct before, during and after the commission of an offense are circumstances from which participation in the criminal act may be inferred. All persons who so participate, having acted together with common intent and purpose, may be held responsible for the acts of those with whom they acted and may be found guilty as a principal of the commission of such crime. State v. Ross, 502 S.W.2d 241 (Mo.1973); State v. Jackson, supra; State v. Hudson, 508 S.W.2d 707 (Mo.App.1974). From the record in this case, we find that there was sufficient substantial evidence to support defendant's conviction of robbery in the first degree.

The judgment is affirmed.

SIMEONE, P. J., and McMILLIAN, J., concur.