463 P.2d 100

The STATE of Arizona, Appellee,
v.
Richard Ibarra RUIZ, Appellant.
No. I CA–CR 215.

Court of Appeals of Arizona, Division 1.
Jan. 12, 1970.

· Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

B. L. Helm, Yuma, for appellant.

KRUCKER, Chief Judge.

The sole question for decision in this appeal concerns an instruction to the jury as follows:

"Now, ladies and gentlemen of the jury, the Court instructs you that the actual unexplained possession of recently stolen goods is a fact from which the possessor's guilt may be inferred by you the jury."

Appellant claims that this is a comment upon his failure to testify and violates his privilege against self-incrimination.

Appellant-defendant was informed against for the crime of auto theft in violation of A.R.S. § 13–672, as amended. The jury was fully instructed on the crime of joy-riding, a misdemeanor, A.R.S. § 13–672, subsec. C, as amended; it was argued to the jury, and a joy-riding verdict was submitted. Defendant was found guilty of auto theft and sentenced to a term of not less than two nor more than five years.

Briefly, the facts are as follows. On January 17, 1969, a light blue 1966 two-door Chevrolet with Mexico license plates, owned by Manuel Verdugo Schnierle of San Luis, Sonora, was left in a parking lot in Yuma, Arizona. The car had been locked by Mr. Schnierle, and when he returned from the races at the Yuma Greyhound race track, the car was gone. On January 22, 1969, five days after the car was taken, two Yuma police officers saw it at about 1:30 a. m. parked at a street corner. The car had been spray painted a different color, the hubcaps were missing, the left wing window was broken, the ignition was torn out of the dashboard, and the trunk lock was broken. It bore Arizona license plates which were registered to another car. After three hours' surveillance, the officers left, and during their absence, the car was moved. However, they located the automobile on a side street not far away and resumed their surveillance. They soon observed the defendant get into the car, and the officers, moving in quickly, asked him for his driver's license and the vehicle registration; he was unable to produce either. He stated the car was purchased from Jose Gomez of Somerton.

The defendant accompanied the officers to the police station and enroute told them, of his own volition, that he had seen the car sitting on a street corner for two days and he "just took it." Defendant was thereupon advised of his constitutional rights and placed under arrest.

During the trial, defendant did not take the stand or present any evidence. Defense counsel moved for a directed verdict of acquittal as to the felony charge and asked that the case be submitted to the jury on the sole issue of joyriding. This motion was denied on the grounds that the lack of explanation of defendant's possession of the recently stolen automobile warranted submission to the jury (together with the evidence).

The almost universal rule is that if the defendant is in possession of recently stolen property, an inference of fact, sometimes called a rebuttable presumption of fact, arises that he has stolen the property. This presumption is covered by statute in some states and does not violate the defendant's protection from self-incrimination. See, Annot., 51 A.L.R. 1139, 1167; Annot., 162 A.L.R. 495, 531; Wharton's Criminal Evidence, 12th ed. § 135.

The courts of Arizona have consistently held that the possession of recently stolen goods is a circumstance from which the jury may infer the guilt of defendant. It is true that this circumstance standing alone is insufficient to sustain a conviction. State v. Pederson, 102 Ariz. 60, 424 P.2d 810 (1967), cert. den. 389 U.S. 867, 88 S.Ct. 138, 19 L.Ed.2d 142; State v. Jackson, 101 Ariz. 399, 420 P.2d 270 (1966). In State v. Wood, 7 Ariz.App. 22, 435 P.2d 857 (1967), we held that this instruction is one of the well-recognized exceptions to the rule that the court will not single out evidence and instruct the jurors as to what they may infer from it.

The defendant contends that the instruction was a comment on his failure to testify. This contention is without merit. State v. Ward, 199 Kan. 23, 427 P.2d 586 (1967); State v. Gray, 447 P.2d 475 (Mont. 1968). We therefore hold that the challenged instruction is constitutional.

The evidence is sufficient to sustain the defendant's conviction of auto theft. The defendant described the car, had it in his possession for some five days, moved it on January 22nd and then came back to take possession of it.

Finding no merit in the defendant's attack on the jury instruction, the judgment is affirmed.

HATHAWAY and HOWARD, JJ., concur.

NOTE: This cause was decided by the Judges of Division II as authorized by A.R.S. § 12–120, subsec. E.