**STATE of Missouri, Respondent,**

**v.**

**James Farmer LEWIS, Appellant.**

**No. 57042.**

Supreme Court of Missouri,
Division No. 2.

July 17, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Shaw & Howlett, Charles M. Shaw, Clayton, for appellant.

STOCKARD, Commissioner.

James Farmer Lewis has appealed from the judgment entered pursuant to jury verdict by which he was found guilty of burglary in the second degree and stealing in conjunction therewith, and sentenced to imprisonment for five years for burglary and two years for stealing, the sentences to be served concurrently. We affirm. This case is in some respects factually related to State v. Lewis, No. 57,041, Mo., 482 S.W. 2d 432.

Robert Huffstutter left his house on July 14, 1970. When he returned about 5:30 o'clock of the evening of July 16, he found that the door had been damaged, and that several items in the house were missing, including a roll-about fan, a Craftsman combination sander and buffer, a television set, a Craftsman chain saw, and two fishing rods with reels.

On the evening of July 15 appellant was apprehended by Marion Strube and his two brothers, as set forth in State v. Lewis, Case No. 57,041, and were turned over to the sheriff of Montgomery County. In the trunk of appellant's automobile were found the two fishing rods and reels which had been stolen from the home of Robert Huffstutter.

Appellant first asserts that the evidence was insufficient to support the verdict in that it was "never showed that defendant had burglarized or stolen anything from the dwelling house of Robert Huffstutter." As in Case No. 57,041, appellant argues that the fishing rods and reels were not in his personal and exclusive possession, but if they were the rule that possession of recently stolen property creates a presumption of guilt is unconstitutional because it shifts the burden of proof to the accused.

The fishing rods and reels were found in appellant's automobile at a time not remote from the time of the burglary. The jury was not required to believe appellant's testimony that he did not know they were there. As ruled in Case No. 57,041, the possession of recently stolen property which will support an inference of guilt may be a joint possession, State v. Cobb, Mo., 444 S.W.2d 408, and manual possession is not required. State v. Prunty, 276 Mo. 359, 208 S.W. 91.

In this case as in Case No. 57,041, appellant has misconstrued the rule pertaining to the possession of recently stolen property. No presumption of guilt is created; such possession is a circumstance from which guilt may be inferred as a matter of fact. State v. Cobb, Mo., supra.

The sufficiency of the evidence to support the verdict does not rest alone on the possession of recently stolen property. That is but one of the circumstances which the jury was entitled to consider. Appellant does not challenge the sufficiency of the evidence except for the unmeritorious reason above stated.

When appellant was apprehended by the Strube brothers he had entered a wooded area to pick up a television set. The arrest which then followed was for the alleged burglary of the mobile home of Marion Strube. It was during the processing of that arrest that the fishing rods and reels were found in the trunk of appellant's automobile. In his opening statement the prosecuting attorney said: "Mr. Ickenroth will testify that they [he and appellant] came out in a certain vehicle, that the defendant was driving the vehicle, and that they went out into the woods to pick up this television." Appellant objected "to this" and a discussion between the court and counsel followed concerning the relevancy of the proposed testimony. The court ruled that "it is so much a part of this chain of circumstances * * * I don't see how it can be left out." However, until rebuttal as subsequently noted, Gary did not mention the purpose for which he and appellant went into the woods. Appellant also asserts that error resulted in permitting Gary to testify on rebuttal as to the intent of appellant in entering the woods.

No mention was made in the opening statement or in the testimony of Gary on rebuttal that the television set had been stolen. The court ruled properly in each case. As stated in State v. Adamson, Mo., 346 S.W.2d 85, the State is not to be penalized if a party so entangles his illegal affairs that one offense cannot be proved without proving another. In any event, no possible prejudice could have resulted. Appellant testified on direct examination that he went into the wooded area to pick up a television set, and that a person had offered to pay him $50 to obtain the set. The testimony of Gary in rebuttal was to the effect that appellant told him that he was to pick up a television set which he had placed there the night before. This was proper testimony for rebuttal purposes.

When Marion Strube was testifying to the circumstances of the apprehension of appellant, he stated: "Well, they came up on an angle, off from the county road at the point where my TV was." The trial court sustained appellant's objection "to that" but refused to declare a mistrial, and that refusal is the action appellant assigns as prejudicial error.

The declaration of a mistrial is a drastic remedy. It should be exercised only in extraordinary circumstances, and whether it should be declared rests in the sound discretion of the trial court. State v. Ward, Mo., 457 S.W.2d 701; State v. Smith, Mo., 431 S.W.2d 74. The reference to the television set was not responsive to a question but was volunteered, and no relief such as to strike the answer or instruct the jury to disregard it was requested. Under the circumstances there was no abuse of discretion.

Appellant assigns as error the admission in evidence of two pairs of cotton gloves found in appellant's automobile on the ground they were irrelevant and immaterial to any issue.

The factual situation presented here and the contention of error are the same as in Case No. 57,041, and there ruled adversely to appellant's contention. We need not again set forth that holding, but reference is made to the opinion in that case for the reason for the ruling.

In addition to the cotton gloves, a large screwdriver was found in appellant's automobile. The lock on the door of Mr. Huffstutter's home contained pry marks. Lieutenant Kenneth Miller of the Highway Patrol, an expert in the field of tool mark examination, testified that he had made tests of the screwdriver and the lock, and that in his opinion "a screwdriver or a prying instrument of a shape and dimensional features such as the screwdriver [found in appellant's automobile] did make these [pry] marks," but that the "minute detail or striation was lacking in the imprint on the lock plate to establish positive identification." Appellant asserts it was error to admit in evidence Exhibit 5, the

screwdriver, and Exhibit 8, the lock plate, because the exhibits were irrelevant and immaterial, and were prejudicial "because of the common association of screwdrivers as a device used by burglars." However, appellant makes no challenge to the testimony of Lieutenant Miller.

■ To state the facts demonstrates that this contention of appellant is without merit. The exhibits were an essential part of the unobjected-to testimony of Lieutenant Miller, and constituted evidence for the consideration of the jury pertaining to the results of an-out-of-court experiment by an expert witness. See State v. Truster, Mo., 334 S.W.2d 104. In addition, if it be contended that the testimony did not establish with certainty that the pry marks were made by the screwdriver found in appellant's automobile, the testimony and the exhibits were favorable to appellant, and no prejudice could have resulted.

Appellant challenges the sufficiency of the converse provision of the verdict directing instruction on stealing, and he also asserts that error resulted from the failure of the court to give *sua sponte* an instruction on circumstantial evidence and to poll the jury.

The factual situation and the contention as to each of these points are the same as the factual situation and the contention made in Case No. 57,041, and there ruled adversely to appellant. We need not restate our rulings, but reference is made to the opinion in that case for the reasons in holding the contentions to be without merit.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.