509 P.2d 247

**STATE of Arizona, Appellee,**

v.

**Carson Duane RENDEL, Appellant.**

**No. 1 CA–CR 452.**

Court of Appeals of Arizona,
Division 1,
Department B.

April 24, 1973.

Rehearing Denied May 25, 1973.

Review Denied July 10, 1973.

Gary K. Nelson, Atty. Gen., by Louis A. Moore, Jr., Asst. Atty. Gen., Phoenix, for appellee.

Carson D. Rendel, in pro. per.

JACOBSON, Chief Judge, Division 1.

The defendant appeals his conviction by a jury of the crime of theft of a motor vehicle in violation of A.R.S. § 13–672 (1968), and the judgment and sentence imposed thereon.

The facts taken in the most favorable light to sustain the jury's verdict are as follows. In January 1969, Russell Swart of Phoenix, Arizona, was the owner of a 1968 Chevrolet Corvette automobile bearing registration number 194 378 S 419 669. Prior to January 28, 1969, Mr. Swart had advertised this automobile for sale in a local Phoenix newspaper. Pursuant to this advertisement several prospective buyers, including the defendant and his wife, viewed the automobile. Approximately two or three days after the defendant and his wife looked at the Swart automobile, and on January 29, 1969, Mr. Swart found his vehicle missing and reported it to the Phoenix Police Department as a stolen vehicle.

On January 31, 1969, the defendant presented to the drivers licensing division in Mobile, Alabama, a bill of sale for a 1968 Chevrolet Corvette bearing registration number 194 378 S 419 669. This bill of sale, bearing the date of January 28, 1969, purported to transfer title from a "C. D. Rendel" to a "Steven Scott". The defendant held himself out as the "Steven Scott" named in the bill of sale. Because of the defendant's inability to produce a prior registration for his vehicle, his equivocal answers to questions concerning his permanent address and his giving information which appeared to be false, the clerk in Mobile, Alabama, handling the licensing of this vehicle became suspicious and called the Mobile, Alabama, Police Department. A check by that department revealed that the vehicle which the defendant was attempting to register had been reported stolen by the Phoenix, Arizona, Police Department.

The licensing clerk was able to detain the defendant until he was placed under arrest by a member of the Mobile, Alabama, police and two F.B.I. agents. After being advised of his "Miranda" rights, the defendant was asked where the automobile was, to which he responded that a friend was driving it. A subsequent search for the vehicle, in the defendant's presence, located it in a parking lot near the licensing bureau, at which time the defendant indicated that this was the vehicle for which he was attempting to purchase license plates. The vehicle was impounded and subsequently viewed in impoundment by a representative of State Farm Insurance Company, Mr. Swart's automobile insurer, who verified the registration number of the impounded vehicle as being the same as their insured's vehicle. Mr. Swart subsequently flew to Mobile, Alabama, and retrieved his stolen automobile.

Statements made by the defendant to police officers verified that he had been in Phoenix, Arizona, on January 28, 1969. It was stipulated at time of trial that a handwriting expert would testify that the handwriting on the bill of sale presented to the Mobile, Alabama, licensing bureau, except for the notarization, was that of the defendant.

During the course of the trial a large portion of the testimony was taken out of the presence of the jury and various motions to suppress and voluntariness hearings were held in chambers. The defendant was not present at these various cham-

bers hearings, his presence being expressly waived by the defendant's trial counsel.

■ Defendant in his *propria persona* briefs before this court raises several issues which he contends require a reversal of his judgment of conviction and sentence. The first of these is that there is insufficient evidence to sustain his conviction. From our view of the evidence, we are convinced that the jury could logically infer that the defendant was in possession of the stolen vehicle in Mobile, Alabama, at the time he was apprehended. While such possession, standing alone, is insufficient to sustain conviction for theft, it is a circumstance from which the jury may infer guilt. State v. Pederson, 102 Ariz. 60, 424 P.2d 810, cert. denied, 389 U.S. 867, 88 S.Ct. 138, 19 L.Ed.2d 142 (1967); State v. Haynie, 19 Ariz.App. 183, 505 P.2d 1074 (1973).

When such possession is coupled with evidence that the defendant had contact with the stolen property two or three days before it was stolen, attempted to license the vehicle three days after its theft with a fictitious bill of sale, used a false name to obtain the license, and admitted being in the locality of the theft at the time the vehicle was stolen, we are of the opinion that the jury could, under such evidence, properly convict the defendant of theft of that motor vehicle. State v. Haynie, *supra*; State v. Ruiz, 11 Ariz.App. 205, 463 P.2d 100 (1970).

■ The second issue raised is that the complaint filed in justice court against the defendant failed to state a public offense. The alleged failure in this regard is that the complaint did not allege that the defendant's acts were "unlawful". The charging portion of the complaint is as follows:

"The said CARSON DUANE RENDEL, on or about the 28th day of January, 1969, and before the filing of this information at and in the County of Maricopa, State of Arizona, took from Russell U. Swart, a motor vehicle described as follows, to wit:

"A 1968 Chevrolet Corvette, Arizona License No. JZZ–238, Serial Number 194 378 S 419 669, with the intent to permanently deprive Russell U. Swart of such motor vehicle, all in violation of A.R.S. § 13–672, amended laws 1968, 13–138, 13–139 and 13–140, contrary to the form, force and effect of the statute in such cases made and provided and against the peace and dignity of the State of Arizona."

Rule 124, subd. A, Rules of Criminal Procedure, 17 A.R.S., provides in part, that:

"An indictment or information need not allege that the offense was committed or the act done . . . 'unlawfully' . . . nor need it use any word or words of like kind otherwise to characterize the offense . . . ."

Rule 115, Rules of Criminal Procedure, *supra*, provides, in part, that:

"The indictment or information may charge, and is valid and sufficient if it charges, the offense for which the defendant is being prosecuted in one or more of the following ways:

\*　　\*　　\*　　\*　　\*　　\*

"The indictment or information may refer to a section or subsection of any statute creating the offense charged therein, and in determining the validity or sufficiency of such indictment or information regard shall be had to such reference."

In our opinion, the complaint in this case complies with Rule 115, Rules of Criminal Procedure, *supra*, and contains sufficient information to apprise a person of common understanding of the offense charged and what is necessary to prepare his defense. State v. Terrell, 103 Ariz. 453, 445 P.2d 429 (1968); State v. Maxwell, 103 Ariz. 478, 445 P.2d 837 (1968).

■ The third issue is that the warrant of arrest issued by the justice of the peace was without probable cause, the complaint being signed by Mr. Swart, who had no personal knowledge that the defendant was involved in the theft of his vehicle. This

contention is completely without merit, for the defendant's arrest was not the result of a warrant issued by the Phoenix, Arizona, justice of the peace. The defendant's arrest occurred in Mobile, Alabama, when he was taken into custody under a warrantless arrest based upon his attempt to license a stolen vehicle, which is sufficient probable cause to make the arrest.

■ The fourth issue raised is whether the trial court properly denied defendant's pretrial motion for change of venue based upon pretrial publicity and the fact that the judge who presided at his trial was seeking reelection. The pretrial publicity of which the defendant complains occurred three months prior to his trial. The trial court scrupulously voir dired the prospective jurors as to their knowledge of the defendant and the crime with which he was charged. Such an examination revealed very few prospective jurors who could recall having read anything concerning the defendant. Following the verdict, the court again inquired of the jury whether they had read anything concerning this case and received a negative response. The jury was sequestered during the trial. Our reading of the transcript of the trial and of the publicity complained of leads us to the conclusion that the trial court in whose sound discretion motions for change of venue lie did not abuse that discretion in denying defendant's motion. State v. Schmid, 107 Ariz. 191, 484 P.2d 187 (1971).

■ The defendant's further argument that the trial judge's seeking reelection caused him prejudice is lost to this court. The defendant points to no rulings on evidence, no instructions given by the trial court, or any other conduct of the trial judge which would lead us to believe that he acted in any manner other than as a fair and impartial jurist. The fact that a judge must run for election does not, in our opinion, absent other facts act to the prejudice of a criminal defendant. While the Arizona Constitution and Legislature have cast judges into the political arena, we, unfortunately, do not possess the political acumen to determine whether a particular judge's constituents are comprised of individuals who favor or oppose harsh criminal sanctions. For all we know, the fact that a judge is seeking reelection may work to the benefit of a criminal defendant. In short, we find this argument completely without merit.

■ The defendant's fifth contention is that the testimony of the agent of State Farm Insurance Company as to the registration number of the stolen vehicle obtained while it was impounded in Mobile, Alabama, which was the only evidence of such number, was inadmissible as being the "fruit of a poisonous tree" search. Again, this argument is without merit. In order for the doctrine of the "poisonous tree", Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939), to come into existence the defendant must point to some illegal seizure of the property in the first instance. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963). Here, the authorities in Mobile, Alabama, had the right to take into their possession property in plain view which they had reasonable grounds to believe was stolen. Musgrove v. Eyman, 435 F.2d 1235 (9th Cir. 1971). Aside from the fact that we have strong reservations as to whether a person in possession of stolen property has standing to object to its seizure, we find no constitutional limitation upon the initial seizure of the stolen property in this case which would prohibit its subsequent examination by an interested private person to determine its identity. It follows that testimony as to that identity was admissible.

■ The sixth issue raised by the defendant is whether Mr. Swart's in-court identification of the defendant was tainted by an out-of-court identification of defendant's photograph from five other photographs presented to him. Without detailing the evidence surrounding the out-of-court photographic lineup and Mr. Swart's in-court identification from events which fixed the defendant in the witness's mind,

we are convinced that the photographic lineup was not unduly suggestive, but if so, the record shows that the witness's in-court identification was based solely upon his recollection of the defendant from personal observations of him and not from the photograph shown him. State v. Dessureault, 104 Ariz. 380, 453 P.2d 951, supplemented, 104 Ariz. 439, 454 P.2d 981 (1969), cert. denied, 397 U.S. 965, 90 S.Ct. 1000, 25 L.Ed.2d 257 (1970).

█ The defendant's seventh contention is that the prosecutor's final argument to the jury which attributed to the defendant the statement that "that's the car I was driving to get that bill of sale for," which statement the defendant did not make, was so prejudicial as to require a reversal. Objection was duly made to the statement and a motion made to strike it. The court then made the following remark, "rather than emphasize it, why don't you go on now." The argument of the prosecutor on this particular point dealt with the defendant's conduct upon being confronted with the stolen vehicle in Mobile, Alabama. The prosecutor both prior to this statement and subsequently correctly advised the jury as to the evidence on this point. While the prosecutor's statement may have been inadvertently erroneous, in view of the entire evidence in this case and the prosecutor's correctly advising the jury on this particular evidence, we are convinced beyond a reasonable doubt that this error, if any, was harmless. See, State v. Gregory, 108 Ariz. 445, 501 P.2d 387 (1972); State v. Melcher, 15 Ariz.App. 157, 487 P.2d 3 (1971).

█ Number eight in the list of defendant's contentions is that his constitutional right of confrontation of witnesses was violated by the court conducting hearings outside the presence of the jury at which he was not present. There is no contention that the defendant was not present during the taking of all evidence upon which the jury reached its determination of defendant's guilt. Nor is there any contention that the record does not adequately show defendant's trial counsel's express waiver of the defendant's presence at these chamber hearings. Without deciding whether the defendant has a constitutional right to be present during hearings where evidence not determinative of his guilt or innocence is presented, we hold that counsel may properly waive such presence. *Cf.* State v. Tacon, 107 Ariz. 353, 488 P.2d 973 (1971), cert. dismissed, 410 U.S. 351, 93 S. Ct. 998, 35 L.Ed.2d 346 (1973).

█ The defendant's last contention is that the jury could improperly infer a prior criminal record on the part of the defendant from reference to "mug shots" of the defendant. The defendant in this regard misreads the record. The existence of defendant's "mug shot" occurred at a hearing, outside the presence of the jury, to determine the propriety of defendant's in-court identification. There is no indication that these photographs were ever exhibited to the jury, hence, this argument must fail.

We have examined the record for fundamental error pursuant to A.R.S. § 13–1715 (1956) and have found none.

The defendant's judgment of conviction and sentence are affirmed.

EUBANK, P. J., and HAIRE, J., concur.