**STATE of Missouri, Plaintiff-Respondent,**

v.

**Walter Eugene MORSE, Defendant-Appellant.**

**No. 9522.**

Missouri Court of Appeals, Springfield District.

Sept. 23, 1974.

John L. Woodward, Steelville, for defendant-appellant.

John C. Danforth, Atty. Gen., David Robards, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

ROBERT LEE CAMPBELL, Special Judge.

Defendant was tried and convicted on a charge of stealing property over the value of fifty dollars. From a sentence of seven years in the Missouri Department of Corrections imposed by the court under the Second Offender Statute, § 556.280, RSMo 1969, V.A.M.S., defendant appeals. We affirm.

Dr. Phillip Dennis of East St. Louis, Illinois, owned real estate in Phelps County, Missouri. Located upon such real estate was a 70-foot trailer which had been altered into a permanent home. When Dr. Dennis left the trailer on October 3, 1971, to return to East St. Louis, considerable tools and equipment, including a craftsman tool box containing various tools, were located on the porch of the trailer which was securely locked. On October 6, a neighbor boy discovered that the trailer had been broken into and his father called Dr. Dennis. Upon arrival about midnight, Dr. Dennis discovered that the trailer and other structures in the area were on fire. The following day he searched the ashes and found no trace of any tools, including the craftsman tool box and tools. About the middle of October, defendant sold the craftsman tool box and tools to a service station owner. Dr. Dennis identified the tool box containing various tools as the one missing from his trailer.

Defendant raises numerous points on appeal. His chief complaints are that the evidence failed to make a submissible case of stealing and that there was not sufficient evidence of value to sustain a felony conviction of stealing property over the value of fifty dollars.

Defendant argues that the mere possession by appellant of property belonging to another at least ten days after the property had been taken is insufficient to prove any criminal intent on the part of the defendant to steal the tool box and tools. He further argues that the possession by defendant was too remote in time and location from the date and location of the taking to warrant any inference that the property was stolen by defendant. Defendant cites many cases in support of his position many of which are not in point. Defendant cites State v. Sallee, 436 S.W.2d 246 (Mo.1969), for the proposition that "where there is no other evidence or circumstances whatsoever, pointing to the appellant's guilt, the mere exclusive and unexplained possession is not sufficient to submit the case to a jury." The *Sallee* case quotes from State v. Watson, 350 S. W.2d 763 (Mo.1961), as follows: "It has long been the rule that an inference of guilt is permissible from the possession of property recently stolen in a burglary, and the inference exists both as to the burglary and the stealing. [Citing cases] However, to authorize the inference of guilt, the defendant's possession of the stolen property should not be too remote in point of time from the crime, and it should be a personal possession, exclusive, distinct and conscious, and unexplained." We hold that the totally unexplained possession of the stolen tool box and tools by defendant approximately ten days after the theft is not too remote in time to support a conviction.

Defendant next argues that the State did not offer any evidence on the value of the tool box and tools. During trial, Dr. Dennis was asked, "What value as owner do you place on that box of tools as you left them there on the 3rd of October of '71?" Dr. Dennis answered, "The combined value would have been in excess of two hundred dollars." Defendant introduced expert testimony that the value of the tool box and tools at the time of trial would be only $30. On rebuttal, Dr. Den-

nis testified that many tools were missing, including tools that Dr. Dennis had purchased in Dixon the previous weekend for $40. State v. Brewer, 286 S.W.2d 782 (Mo.1956), quotes from Baird v. Ellsworth Realty Co., 265 S.W.2d 770 (Mo.App.1954), as follows: "The law seems to be that an owner of property, without further qualifications, may testify to its reasonable market value, and the jury determines the weight and value of such testimony." All of Dr. Dennis' testimony as to value was sufficient to submit to the jury the issue of stealing over the value of fifty dollars. This likewise disposes of the defendant's contention that an instruction to such effect should not have been given to the jury.

■ Defendant further complains that the court erred in receiving evidence of the burning of or forcible entry into the trailer because evidence of other crimes is not admissible. With respect to the evidence received, no objection was made by defendant until after four witnesses had all testified to some extent concerning the breaking into and later burning of the trailer and other structures. Although defendant waived any objection to the evidence, he did object to reference thereto by the prosecutor in opening argument and preserved his objection by requesting a mistrial. The transcript discloses that no attempt was ever made by the prosecutor to link defendant in any way with the burning of the trailer or other structures. In fact, the lapse of time between the break in and burning of the trailer negates any connection of defendant with the burning. Inasmuch as no attempt was ever made by the prosecutor to even infer that defendant broke into or burned the trailer, the reference to such evidence in the opening statement and the evidence thereof received without objection were not prejudicial to defendant.

■ Defendant alleges that the court erred in failing to instruct the jury as to the range of punishment which the jury might assess in the event the jury found the appellant guilty of the lesser included offense, stealing under the value of fifty dollars, a misdemeanor. Having been found guilty of the felony of stealing over the value of fifty dollars pursuant to the Second Offender Act, sentencing was properly for the court to determine and not for the jury. The jury did not find the defendant guilty of a misdemeanor; no error resulted from failing to instruct as to the range of punishment for a misdemeanor.

Defendant's final three points of error challenge the information, evidence, and findings of the court with respect to defendant's prior conviction and the application of the Second Offender Act. We have carefully examined the transcript and the evidence and find that the defendant was properly sentenced by the judge pursuant to the Second Offender Act.

Finding no error, the judgment and sentence imposed by the trial court are affirmed.

STONE, TITUS and BILLINGS, JJ., concur.

HOGAN, C. J., not sitting.

FLANIGAN, J., not participating, because not a member of the court when the cause was submitted.