**STATE of Missouri, Plaintiff-Respondent,**

v.

**Wilfred MYERS, Defendant-Appellant.**

**No. 10451.**

Missouri Court of Appeals, Springfield District.

May 12, 1977.

John Ashcroft, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Timothy H. Battern, Asst. Public Defender, Paul Crider, Jr., Public Defender, Rolla, for defendant-appellant.

PER CURIAM.

Defendant was convicted of burglary and stealing under §§ 560.045 and 560.110, RSMo 1969. We reverse and remand because the jury was improperly instructed upon the inference of guilt to be drawn from the unexplained possession of recently stolen property.

The state presented a circumstantial evidence case. Its proof indicated a mobile home belonging to Mr. and Mrs. Leon Affolter near Newburg, Missouri, was burglarized and numerous items were stolen on the evening of August 4, 1975. The break-in occurred between 5:00 and 11:00 p. m. About a week later police officers found some of the stolen goods in defendant's house and in a crawl space under the house. Defendant told officers he had bought the goods found in the living areas of his house from a person named Norman Bradshaw; he stated he knew nothing about the items under the house.

Defendant did not testify at trial. Two witnesses, his mother and sister, testified defendant was working at the mother's uniform shop in Rolla during the evening of the burglary. No other evidence was presented by defense counsel.

The single point on appeal is the propriety of Instruction Number 7, not in MAI–CR, given as follows:

"Evidence has been introduced that the defendant was in the possession of some of the stolen goods taken in the offense for which he is on trial.

"If you find that the defendant had recent, unexplained possession of some of the stolen goods taken in the burglary for which he is charged, then you are allowed to reasonably infer the defendant's guilt of the offenses of burglary and stealing."

Defendant objected at trial, and now argues on appeal, that the above instruction was an impermissible comment upon his failure to testify. We find the instruction was improper and constituted reversible error; however, we do so upon other grounds and thus do not rule whether it violated his right to remain silent.

It is the rule in Missouri that evidence of a burglary and of defendant's unexplained possession of the recently stolen property permits an inference of guilt both as to the burglary and the stealing, and is a sufficient basis upon which to submit the case to the jury and convict the accused of both offenses. *State v. Miller*, 499 S.W.2d 496, 499 (Mo.1973); *State v. Robb*, 439 S.W.2d 510, 513 (Mo.1969); *State v. Kellick*, 521 S.W.2d 166, 168 (Mo.App. 1975). But our supreme court held in *State v. Swarens*, 294 Mo. 139, 241 S.W. 934 (banc 1922) that such unexplained possession allowed only an inference of fact and not a presumption or inference of law; the inference was to be considered along with all other evidence and was not to be the subject of a jury instruction. The import of *Swarens* was explained in *State v. Denison*, 352 Mo. 572, 178 S.W.2d 449 (1944). There, in considering an instruction comparable to Number 7 in this case, the court said, 178 S.W.2d at 456–457:

"But the more comprehensive objection to the instruction is that it singles out and comments upon the fact of such possession. Prior to the decision of the *Swarens* case the unexplained possession of recently stolen property raised a legal presumption of fact that the possessor was the thief. Hence it was the practice to instruct the jury on that presumption. But the *Swarens* case in overturning the doctrine, declared such possession was merely an inculpating evidentiary circumstance and that it was improper for the court to 'comment on the evidence, either in instructions or otherwise.' 294 Mo. loc. cit. 155 (II), 241 S.W. loc. cit. 939(4). Contemporary and subsequent decisions have all recognized the *Swarens* case de-nounced such instructions as improper comments on the evidence." [1]

■ In light of the cases holding such an instruction to be reversible error, we hold the giving of Instruction Number 7 resulted in plain error under Rule 27.20(c).

The judgment is reversed and the case remanded for a new trial.

All concur.

1. Among the cases cited by the court in a footnote are: *State v. Nibarger,* 339 Mo. 937, 98 S.W.2d 625, 628 (1936); *State v. Shelby,* 333 Mo. 1036, 64 S.W.2d 269, 275 (1933); *State v. Galbraith,* 330 Mo. 801, 50 S.W.2d 1035, 1036 (1932); *State v. Tracy,* 294 Mo. 372, 243 S.W. 173, 177–178 (1922).