**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Thaddeus BUFFINGTON,
Defendant-Appellant.**

**No. 10997.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 19, 1979.

Rehearing Denied Oct. 9, 1979.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Willard B. Bunch, David B. Dysart, Duncan, Russell & Bunch, Kansas City, for defendant-appellant.

PREWITT, Judge.

Defendant was convicted, after a jury trial in Greene County Circuit Court, of stealing a motor vehicle in Kansas and bringing it into Missouri in violation of § 541.040 RSMo 1969. He was sentenced to five years imprisonment.

On September 13, 1976, a blue 1977 Lincoln Continental with a white top and a "moon-roof" disappeared from Bob Sight Lincoln Mercury, Inc. in Overland Park, Kansas, a suburb of Kansas City. Shortly before the vehicle was missing, defendant was seen in the showroom looking at other cars, and then later looking over the missing vehicle. It was parked near the service area with the keys in it.

On September 15, 1976, a police officer for the City of Maryville, Missouri, was looking for stolen stereo speakers and talked to defendant at an apartment house. On the apartment house parking lot was a white over blue Lincoln Continental with a "moon-roof". Defendant stated that it was his car, and he had a key to the ignition, but that he had just purchased the vehicle and did not have a trunk key. Defendant said he did not have registration papers for the vehicle as the dealer was awaiting an invoice, and that he was given a blank Missouri title to use in place of the registration. It was dark, and the officer took down the vehicle information number with aid of a street light. He wrote the number down as 7Y32A304920. The number was given to the dispatcher at the police station to put into a computer system to see if the vehicle was reported as stolen. A reply came back that it was not. The number of the Lincoln Continental taken from Bob Sight Lincoln Mercury, Inc. was 7Y82A804920. The officer identified three photographs of the Lin-

coln Continental missing from Bob Sight Lincoln Mercury, Inc. as the vehicle that he saw on the apartment parking lot.

On September 17, 1976, David R. Spencer, a special agent for the Federal Bureau of Investigation, was in Springfield, Missouri acting as a purchaser of stolen property. He received a call from Kansas City, Missouri inquiring if he would like to purchase a stolen 1977 Lincoln Continental with a blue exterior, white top and blue interior. The next morning Spencer called back and agreed to purchase the vehicle for $3,500. He was told that "Bob" would be down with the vehicle in approximately five hours. Agent Spencer was asked by defendant's counsel if he was told whether anyone else would come down with Bob. After checking his notes, the witness replied: "He referred to them in the plural, stating 'they'". At 10:32 p. m., on September 18, 1976, Agent Spencer received a call from Bob, who told him that the vehicle was parked at a local nightclub next to a Cadillac. He described the vehicle as being a white over blue Lincoln Continental with a "sun-roof or moon-roof". Agent Spencer then went to see the vehicle and observed that it had a Kansas license plate. He then met with Bob and defendant at a Springfield restaurant. He had known Bob before but had not met defendant. He was with them at the restaurant approximately forty to forty-five minutes. All his conversation was with Bob and not defendant. Spencer then went to a different Springfield nightclub and took possession of the Lincoln Continental. Bob gave him the keys. He drove it to a storage place and then returned and paid Bob $3,500 in cash. Defendant and two other persons were with Bob when payment was made. They then got into another vehicle and left. The motor vehicle identification number of this Lincoln Continental was the same as the vehicle missing from the car dealership in Overland Park, Kansas.

■ Defendant claims two points of error by the trial court. He first contends that the trial court erred in overruling his motion for acquittal, "since no evidence was produced which established defendant brought a stolen motor vehicle into Greene County, Missouri". In testing whether the evidence is sufficient, the evidence and all favorable inferences must be considered in the light most favorable to the State and all evidence and inferences to the contrary disregarded. *State v. Sherrill*, 496 S.W.2d 321, 323 (Mo.App.1973). We determine if there is sufficient substantial evidence to support the verdict, not weigh the evidence to determine if the charge has been proven beyond a reasonable doubt. That is for the jury to determine. *State v. Sherrill*, supra.

■ There was no direct evidence that defendant stole and brought the vehicle into Greene County, Missouri, as the jury was required to find. However, any fact can be established by circumstantial evidence. *State v. Chase*, 444 S.W.2d 398, 402 (Mo.banc 1969). While the circumstances must be such as are inconsistent with defendant's innocence, it is not necessary that they be absolutely conclusive of his guilt, and the evidence need not demonstrate an absolute impossibility of innocence. *State v. Taylor*, 445 S.W.2d 282, 284 (Mo.1969). The jury was justified in finding that defendant did steal the vehicle. There was evidence from which they could find that he was on the premises and looking at the vehicle just before it disappeared. They could find that he had possession of it in Maryville two days after it was taken. Recent possession of stolen property is a circumstance from which guilt may be inferred. *State v. Lewis*, 482 S.W.2d 436, 437 (Mo.1972); *State v. Chase*, supra, 444 S.W.2d at 402–403. In *Chase*, the defendant was on the premises of a jewelry store looking at rings just before a ring disappeared. The ring was found in his car shortly after he was removed from it fourteen days later. The presence on the premises with opportunity to have taken it and possession of the ring were held sufficient to sustain a conviction. Here the jury could find defendant was on the premises, was in a position to have taken the vehicle, and had possession two days later. If they so believed, they could find he stole it.

Defendant was still in Maryville with the vehicle on September 16, 1976. The following day, in Kansas City, a call was placed to Agent Spencer offering to sell the vehicle to him. Agent Spencer was told the vehicle would be brought down. He was told that "they" would be bringing it. When he received a call to go look at the vehicle in Springfield, he was told that "we" are at the nightclub. Defendant was present when Agent Spencer discussed the vehicle with Bob and was present when payment was made. Defendant argues that there was no evidence that he had ever driven the vehicle or received any of the money. There was evidence that he admitted possession and claimed ownership of the vehicle on September 15th in Maryville and had a key to the door. He was in Springfield when the vehicle was there. He was present when the sale was discussed and present when the money changed hands. He was with the person who delivered possession of the vehicle and received the money. If defendant stole the vehicle, it follows that he would have had an interest in its disposition. No other reason or explanation was given for his being present with Bob at these times. The jury could have determined that he brought, or participated in bringing, the vehicle to Greene County for the purpose of resale. Defendant had recent possession of the car, he claimed ownership of it, he was present when the sale was discussed, when possession was given and when payment was made. Presence, companionship, and conduct before and after an offense are circumstances from which participation in a crime may be inferred. *State v. Nichelson*, 546 S.W.2d 539, 543 (Mo.App.1977). The circumstances were such that a jury would be justified in finding that defendant participated in the vehicle being brought to Greene County, Missouri. We rule that the evidence was sufficient to submit the issue to the jury.

Defendant's second point is that the trial court erred in giving Instruction No. 6, as there was insufficient evidence that the vehicle was brought into Greene County, Missouri by the defendant, as required by the instruction. In considering defendant's first point, we have determined that the evidence was sufficient. Defendant also contends that MAI–CR 2.12[1] should not have been used as a part of Instruction No. 6. Note 5 to MAI–CR 2.10 states that 2.12 "should be used where it is not clear from the evidence whether defendant acted alone or with another or others." Whether one or more persons participated in the theft and bringing the vehicle to Greene County is not known. There was evidence that would indicate others were involved later. Defendant was with Bob at the restaurant and later two others when payment was received. Agent Spencer was told that "they" would be bringing the vehicle to Springfield. When they arrived he was told that "we" were at a nightclub. It is logical that at least two people would have been used in the transfer of possession, one to drive the stolen vehicle, and another to provide a second vehicle to return the driver. Defendant and Bob left the delivery point in another automobile. The evidence was not clear whether defendant acted alone or with others, so the use of MAI–CR 2.12 was proper.

Even had MAI–CR 2.12 been improperly used, it would not have justified a reversal in this case. Note 5 to MAI–CR 2.10 further states:

"The unnecessary use of these instructions [2.10, 2.12, 2.14] will not be deemed prejudicial error in absence of a showing of prejudice under the particular circumstances of the case."

Defendant fails to demonstrate any basis that the use of 2.12 resulted in prejudice to him. The information charged defendant and another with stealing the vehicle and bringing it into Greene County. Instruction No. 6 was consistent with the information and the evidence. The giving of the instruction was not error.

The judgment is affirmed.

All concur, except GREENE, J., recused.

1. All references to MAI–CR are to those in effect on March 20, 1978, the day of trial.