**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Eddie S. FEELER, Defendant-Appellant.**

**No. 11707.**

Missouri Court of Appeals,
Southern District,
En Banc.

May 18, 1981.

Order On Rehearing June 15, 1981.

Transferred by Supreme Court
June 15, 1981.

Retransferred July 6, 1982 as
Improvidently Transferred.

John D. Ashcroft, Atty. Gen., Henry T. Herschel, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Jerry W. Venters, Bartlett & Venters, P. C., Jefferson City, for defendant-appellant.

PREWITT, Judge.

A jury found defendant guilty of stealing two calves and set his punishment at confinement for one year. Defendant was charged as a "persistent offender" under § 558.016, RSMo 1978, and following a "sentencing hearing", § 558.021, RSMo 1978, the trial judge sentenced him to seven years imprisonment.

Defendant's three points contend: (1) that the evidence was insufficient to sustain the conviction; (2) that the trial court erred in denying his motion for a bill of particulars; and (3) that the trial court erred in admitting into evidence at the sentencing hearing certain exhibits "not duly and properly certified and authenticated"; and the judge erred in sentencing defendant as a persistent offender without making "the findings required by Section 558.021 prior to sentencing".

We initially consider defendant's first point. Defendant did not contend at trial, nor does he here, that the calves were not stolen. Their owner testified that on February 21, 1979, he had twenty calves on his farm located in the northeastern part of Phelps County, Missouri, and on the morning of February 22, 1979, had only sixteen. On February 28, 1979, defendant delivered four calves to be sold at a livestock auction company a mile north of Montgomery City, Missouri. The calves were sold and defendant received payment for them that day. The four calves were later identified as being those missing from the Phelps County farm. There was no other evidence connecting defendant with the theft.

The defendant did not testify. His only witness was his wife. She said that on February 21, 1979, she and defendant were at their home in Vichy, Missouri, all that day and evening. They remained there until the morning of February 22, when they went to her uncle's home in DeSoto, Missouri. They stayed there until they returned home that evening. On February 28, 1979, Lewis Merhoff, her stepfather, and defendant left in defendant's truck to go to the Salem sale barn "to sell some items". They returned about 4:00 or 5:00 p. m. that day.

Defendant's counsel brought out in cross-examination during the state's case that before this trial Lewis Merhoff admitted in court that he stole the calves. How defendant came into possession of the calves was never explained.

■■■ Numerous Missouri cases state that "unexplained possession of recently stolen property is a sufficient circumstance to sustain a conviction of stealing the property". *State v. Chase*, 444 S.W.2d 398, 402–403 (Mo.banc 1969). See also *State v. Arnold*, 566 S.W.2d 185, 188 (Mo.banc 1978); *State v. Lewis*, 482 S.W.2d 436, 437 (Mo. 1972); *State v. Myers*, 551 S.W.2d 312, 313 (Mo.App.1977). Unexplained possession of stolen property ten days after its theft is not too remote in time to support a conviction. *State v. Morse*, 514 S.W.2d 375, 376 (Mo.App.1974). We think the evidence was sufficient to sustain the conviction. Defendant was shown to be in the exclusive possession of the calves six or seven days after their taking and also to have sold them, not at a sale barn close to where he lived but at one approximately 77 highway miles from there and at least 65 miles from where the calves were pastured. Point one is denied.

■■■ Defendant's second point contends that the court erred in denying his motion for a bill of particulars because the information insufficiently described the property stolen and the date of such stealing and thus prevented defendant from properly preparing his defense. The body of the motion consisted of one paragraph which stated:

"Comes now defendant pursuant to Supreme Court Rule 24.03 and moves the Court to direct the filing of a Bill of Particulars for the ground and reason that the information fails to inform the defendant of the particulars of the offense charged sufficiently to prepare his defense."

A motion for a bill of particulars is addressed to the discretion of the trial court and its ruling should not be disturbed unless there is an abuse of discretion. *State v. Cox*, 352 S.W.2d 665, 672 (Mo.1961). Defendant here contends that as four calves were taken he should have received a better description of the two calves he was charged with stealing and that the date of stealing was insufficient. The information alleged that "two calves" were taken "on or about February 22, 1979". It is obvious from the evidence that the state had no

further information as to the time of the theft to give defendant as the state's witnesses, including the owner of the calves, did not know the exact time the calves were taken. While a better description of the calves might have been available, the defendant does not show how not receiving it prejudiced his defense and as the motion did not set forth how the information was insufficient or what additional facts were sought, we cannot say that the court abused its discretion in denying the motion. Point two is denied.

▮▮▮ Appellant's final point contends in part that the trial court erred in admitting into evidence four exhibits because they were not "duly and properly certified and authenticated". Three of the exhibits are copies of court records, each of which purports to show a separate "Judgment and Sentence" of defendant for committing a prior felony. The remaining exhibit was certified as a part of the records pertaining to defendant in the Classification and Assignment Unit of the Division of Corrections. The conviction records were from circuit courts of this state and were each attested by the circuit clerk and imprinted with the seal of the court. Those exhibits appear to adequately comply with § 490.130, RSMo 1978, and defendant does not explain in his brief why he contends there was not compliance with that section. The court records were properly admitted. *State v. Gardner,* 600 S.W.2d 614, 620 (Mo.App. 1980). The exhibit purporting to be from the records of the Department of Corrections was not objected to before the trial court on the basis now contended and thus there is nothing for us to review pertaining to the admissibility of that document. A point raised on appeal must be based upon the theory of the objection made to the trial court. *State v. Lang,* 515 S.W.2d 507, 511 (Mo.1974).

▮▮▮ Point three also contends that the trial judge failed to make specific findings, as required by § 558.021(3), RSMo 1978, that there was a basis for an extended term. At the sentencing hearing the state's evidence consisted only of the four exhibits referred to in the preceding paragraph. The defendant presented no evidence. When defendant appeared for sentencing three months after the sentencing hearing the judge stated that at the sentencing hearing he "found" that defendant had been "previously convicted" and that "therefore ... it's the duty and obligation of the Court to fix and determine and pronounce the sentence upon you under those circumstances." No objection was raised that inadequate findings were made or that the court did not have the right to determine the sentence. While better findings could have been made, we think that here the oral announcement was sufficient. There was no conflicting evidence before the judge and he found that he should assess the punishment. He thus obviously found, as the exhibits showed, that defendant had been convicted of at least two felonies committed at different times and not related to the theft of the calves. Under § 558.016, RSMo 1978, this made defendant a persistent offender. The judge's statement "implies specific findings in accordance with the ultimate finding and conclusion stated." *State v. Blackwell,* 459 S.W.2d 268, 272 (Mo.banc 1970). The judge gave defendant and his trial counsel a chance to speak before assessing the sentence and if either had a complaint about his findings, or lack of them, it should have been presented at that time. Granting allocution affords the defendant an opportunity to raise any infirmities in the sentencing procedure and if he does not do so the matter is not preserved for review. *State v. Goforth,* 535 S.W.2d 464, 469 (Mo.App. 1976). Point three is denied.

The judgment is affirmed.

MAUS, C. J., and FLANIGAN and GREENE, JJ., concur.

TITUS, J., dissents and files dissenting opinion.

BILLINGS, J., concurs in dissent of TITUS, J., and files separate dissenting opinion.

HOGAN, J., dissents, joining in dissent of TITUS, J.

TITUS, Judge (dissenting).

I respectfully dissent to that portion of the majority opinion which holds the evidence was sufficient to sustain the conviction of stealing.

A person should not be convicted upon an inference of an essential fact. *State v. James*, 133 Mo.App. 300, 305, 113 S.W. 232, 233[5] (1908). Likewise, no defendant in a criminal case should be compelled to testify against himself (U.S.Const. amend. V; Mo. Const. art. I, § 19) and it violates defendant's privilege against self-incrimination to place him in a position where he must testify to avoid any adverse inferences that may arise from his failure to do so. 21 Am. Jur.2d, Criminal Law, § 356, p. 383. Nevertheless, there evolved in time and circumstances beyond our ken, the pronouncement that in connection with a prosecution for larceny, the unexplained possession of property recently stolen may, where the corpus delicti has been established, give rise to a *presumption* of guilt. Perhaps in the heat of psittacosis, this rule was parroted in Missouri until *State v. Swarens*, 294 Mo. 139, 154–155, 241 S.W. 934, 939[3] (banc 1922), wherein "inference" was substituted for "presumption." *Swarens* and others, e.g., *State v. Chase*, 444 S.W.2d 398, 402–403[4] (Mo.banc 1969); *State v. Myers*, 551 S.W.2d 312, 313[1] (Mo.App.1977), proclaim the present rule that if a defendant charged with larceny does not explain his possession of recently stolen property, this permits an inference of the fact of guilt, and is a sufficient basis upon which to submit the case to the jury and to sustain a conviction of stealing the property. In scholarly refinement of this broad stroke of the judicial brush, it is explained that the "inference of guilt to which unexplained *joint* possession gives rise, however, is one of fact and not of law and *alone* does not suffice to submit the guilt of the accused. . . . Rather, something more than unexplained joint possession of recently stolen goods—some *affirmative participation* in the criminal venture—must be shown to convict for the . . . theft." *State v. Roberts*, 579 S.W.2d 685, 688[5] (Mo.App.1979). Or put differently where *joint* possession is involved: "The requirement of exclusive possession does not mean that the possession necessarily must be separate from all others, . . . provided there is other evidence to connect defendant with the offense . . . ." *State v. Webb*, 382 S.W.2d 601, 604[4] (Mo.1964).[1] In other words, where joint or exclusive possession not separate from all others is involved, defendant's guilt of theft may not be submitted for jury determination unless there also be evidence of defendant's participation in the criminal adventure.

By the process of eliminating the fact situations just noted, it appears that in Missouri (though not in all jurisdictions) simply because a person, though actually innocent of the theft itself, is fortuitously or unexplainably (because of his right to remain silent) found alone possessed of previously stolen property, such a predicament by itself, sans other proof of affirmative participation in the criminal venture, suffices to warrant a conviction. Contrawise, respectable authorities hold that any unfavorable inferences that may arise from unexplained sole possession of recently stolen property cannot prevail over the constitutional right to remain silent or that unexplained single possession of recently stolen goods, without more, is insufficient to sustain a conviction. See, *State v. Ruiz*, 11 Ariz.App. 205, 463 P.2d 100, 102 (1970); 52A C.J.S. Larceny § 109, at p. 605. It is anomalous justice indeed that in the absence of proof of other affirmative participation in the theft, simple joint possession of recently stolen property prevents conviction of the guilty whereas simple lone possession of the same goods condones condemnation of the innocent.

I am of the opinion that the inference hereinbefore discussed, absent proof of defendant's other affirmative participation in

1. "Exclusive" is defined as "excluding all others." Webster's New World Dictionary of the American Language, p. 507. Therefore, "exclusive possession" when considered to be a "possession not separate from all others" is an adulteration of the English Language, pure and simple.

the crime of *stealing*, should not alone be sufficient to sustain defendant's conviction. I am of the opinion that the judgment nisi should be reversed and that defendant should stand discharged of the crime of stealing.

Realizing that a majority of the judges of this court do not share or concur in my dissenting opinion but because of the general interest or importance of the question involved and for the purpose of reexamining the existing law, I urge counsel for defendant to seek transfer of the cause to the Supreme Court of Missouri in accordance with the provisions of Rules 30.27, 83.02 and 83.04, V.A.M.R.

HOGAN, J., joins in this dissent.

BILLINGS, J., concurs in dissent and files separate dissenting opinion.

### ORDER

The appellant having filed a motion for rehearing or in the alternative for transfer to the Supreme Court of Missouri and upon consideration of same the court does hereby order as follows: Hogan, J., files dissenting opinion; Billings, J., withdraws dissenting opinion and concurrence in the dissent of Titus, J., and concurs in the majority opinion, and files separate opinion on motion for rehearing; Maus, C. J., Billings, Flanigan, and Prewitt, JJ., vote to overrule the motion for rehearing and deny the motion for transfer; Hogan, Titus and Greene, JJ., vote to sustain the motion to transfer; therefore the motion for rehearing is overruled and the motion for transfer is denied.

HOGAN, Judge, dissenting.

I must respectfully dissent. Essentially I agree with what Judge Titus has said in his dissent, but I would confine my remarks to the facts of this case. In the particular circumstances, I perceive no infringement of defendant's Fifth and Fourteenth amendment rights because the defendant did not request that MAI–CR2d 3.76 be given. If defendant had requested that instruction and the trial court had refused it, then, in light of the State's thin case, I would have considered the refusal of MAI–CR2d 3.76 to be plain error. *Carter v. Kentucky*, 450 U.S. 288, 304–305, 101 S.Ct. 1112, 1121–1122, 67 L.Ed.2d 241, 254 (1981). I find no request for any limiting instruction and consequently, no infringement of Fifth and Fourteenth Amendment rights.

Rather, my view as to the present case is that defendant's conviction upon the evidence presented is insufficient to satisfy the due-process requirement that the State present evidence from which any rational trier of fact could find the essential elements of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). I find no record evidence other than defendant's unexplained possession of recently stolen property to support the charge of stealing without consent. Such evidence might permit the inference that defendant received stolen property, as defined and denounced by § 570.080, RSMo 1978, V.A.M.S., *Barnes v. United States*, 412 U.S. 837, 845–846, 93 S.Ct. 2357, 2362–2363, 37 L.Ed.2d 380, 387 (1973), but if the conviction is to be supported by permissible inferences, then the evidence necessary to invoke the inference must be sufficient for a rational juror to find the inferred fact beyond a reasonable doubt. *Barnes, supra*, 412 U.S. at 843, 93 S.Ct. at 2361–2362, 37 L.Ed.2d at 386. I realize that there was no necessity of proving appropriation from the person of the owner; the property taken was livestock. Section 570.030(3)(h), RSMo 1978. Nevertheless, § 570.030.1 requires appropriation "with the purpose to deprive" and it is fundamental that the defendant's conduct and his mental state must coincide. W. LaFave and A. Scott, Criminal Law at 642 (1972). Because there is no proof in my view, of the time or the circumstances in which the defendant came in possession of the cattle, his unexplained possession of recently stolen property does not permit any rational trier of fact to infer the necessary coincidence of conduct and intent. For that reason, I believe the standards enumerated in *Jackson, supra*, have not been met and the defendant should stand discharged.

## ON MOTION FOR REHEARING OR, IN THE ALTERNATIVE, FOR TRANSFER TO THE SUPREME COURT

PER CURIAM:

Defendant requests a rehearing or transfer to the Missouri Supreme Court because of the general interest and importance and for the purpose of reexamining the existing law relating to the effect of unexplained possession of recently stolen property.

*Barnes v. United States*, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973), held that an inference of guilt from unexplained possession of recently stolen property does not violate due process nor infringe upon a defendant's privilege against self-incrimination. Considering that decision and numerous Missouri Supreme Court opinions, we think no further examination of this area is necessary.

The motion for rehearing is overruled and the motion for transfer denied.

MAUS, C. J., and FLANIGAN and PREWITT, JJ., concur.

BILLINGS, J., concurs by separate opinion on motion for rehearing.

HOGAN, TITUS, and GREENE, JJ., vote sustain the motion to transfer.

## MOTION FOR REHEARING

BILLINGS, Judge.

A defendant's possession of recently stolen property, explained or unexplained, is, in my opinion, a legitimate circumstance for a fact-finder to consider in determining the guilt or innocence of the defendant. Accordingly, I withdraw my dissent and concurrence in the dissent of Titus, J., and concur in the majority opinion.