In the Interest of M___ A___ C___, a minor.

No. 13904.

Missouri Court of Appeals, Southern District, Division Two.

May 14, 1985.

Motion for Rehearing and Transfer to Supreme Court Denied June 7, 1985.

Application to Transfer Denied Aug. 7, 1985.

M. Elise Branyan, Asst. Public Defender, Springfield, for juvenile-appellant.

No other appearances.

PREWITT, Chief Judge.

The minor, a male then 16 years old, was committed to the custody of the Director of Youth Services for an indeterminate period. He appeals, contending that the court erred when it found that the facts were sufficient to bring him within its jurisdiction. In a petition filed by the juvenile officer, he was accused of assaulting another minor (T) and that minor's mother. Appellant claims that the evidence was insufficient to sustain the judge's finding that he had committed the assaults.

Appellant and another teenage male (K) went to the house where T and his mother lived. There was evidence that K started hitting T in the living room, when T's mother entered the room and attempted to stop K. While trying to pull K away from T she was grabbed from behind and "slung" against the side of a door. This caused her to fall and end up "sprawled into the doorway". Appellant was accused of assaulting the mother in the third degree, § 565.-070, RSMo 1978, and with aiding in a third-degree assault on T. § 565.070, RSMo 1978, § 562.041, RSMo 1978.

Appellant contends there was no evidence that he participated in the assaults as no one saw him aid in them or saw him

assault either alleged victim. The record does not show any direct evidence that he participated in the assaults, but there was circumstantial evidence sufficient for the court to so find.

 In testing whether the evidence is sufficient, the evidence and all favorable inferences must be considered in the light most favorable to the state and all evidence and inferences to the contrary disregarded. *State v. Buffington,* 588 S.W.2d 512, 514 (Mo.App.1979). Any fact can be established by circumstantial evidence, and while the circumstances must be such as are inconsistent with the person's claimed innocence, it is not necessary that they be absolutely conclusive of guilt, and the evidence need not demonstrate an absolute impossibility of innocence. Id.

Viewed in this light, the evidence supports the trial court's findings. T's mother testified that when she entered the living room only appellant and T and K were in there. When she tried to stop K from hitting her son, appellant was behind her. T and K were in front of her. She testified that she could see the doorway to the room and no one else entered until after she had been "slung" from behind. If her testimony is believed, appellant was the only person who could have grabbed and slung her. If he did, he assaulted her and aided in the assault on T. One who, before or during the commission of a crime, intentionally and knowingly aids the commission thereof is guilty of that offense. *State v. Lyell,* 634 S.W.2d 239, 241 (Mo. App.1982).

Appellant presented testimony of a 19 year old that he was the one who grabbed T's mother, but he denied he slung her in the manner she stated. He said he was just trying to stop the fight. She stated she saw him come into the room after she was "slung". He did not say that he left and came back in, but that he stayed in the room and took appellant and K with him. There is no reasonable explanation why he would leave after he grabbed her and then come back into the room. The trial judge did not have to believe that he was the one who slung T's mother.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.