**STATE of Missouri, Plaintiff–
Respondent,**

v.

**Andrew J. SALES, Jr., Defendant–
Appellant.**

**No. 17320.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 16, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 6, 1993.

Application to Transfer Denied
Aug. 17, 1993.

Ellen H. Flottman, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PREWITT, Judge.

A jury found defendant guilty of receiving stolen property and he was sentenced by the court as a prior and persistent offender to seven years' imprisonment. Defendant appeals.

Defendant contends that the evidence was insufficient to sustain the jury's finding as there was no evidence "that appellant disposed of property of another, knowing or believing it to have been stolen." In determining whether the evidence was sufficient, this court reviews the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the verdict. *State v. Dayringer*, 755 S.W.2d 698, 700 (Mo.App.1988).

"Knowledge or belief of the stolen character of goods is seldom directly proved and is usually inferred from the facts and circumstances in evidence." *State v. Gott*, 784 S.W.2d 338, 339 (Mo.App.1990). "Possession of recently stolen property is a circumstance which the jury may consider with other facts and circumstances in determining the alleged receiver's mental state." *Id.*[1]

A computer, printer, typewriter and copy machine were taken from a veterinary clinic on April 30, 1990. On May 1, 1990, appellant brought those items to a car dealership seeking to trade them for a car. The owner of the dealership said he would be interested in purchasing the equipment and offered appellant $600 for the copier. Appellant said he wanted to sell all the items and the owner agreed to purchase them for $1200. He wrote appellant a check for $600, kept all the items with the agreement that appellant would return in a day or two for the additional $600. Appellant never returned. Under these circumstances, the evidence was sufficient for the jury to find that defendant knew the property was stolen. Point one is denied.

For his second point defendant contends that the trial court erred in overruling his motion for new trial because a juror "despised" him which was not revealed during voir dire after trial. He also says the court erred as it did not allow him to present evidence of this at the hearing on motion for new trial.

During the voir dire the juror acknowledged that she knew defendant as he was the boyfriend of a friend. She said that she could set aside that acquaintance and be "absolutely fair to the State". Defendant did not ask her any questions.

The record does not reflect that the juror was misleading in her answers or that she "despised" appellant. The court did not prevent appellant from presenting evidence at the hearing on a motion for new trial. The record shows that he had no evidence to present at that time. He could have had a subpoena or subpoenas issued prior to the hearing but apparently did not do so. Point two is denied.

For his third point defendant contends that the court erred in giving an instruction patterned after MAI–CR3d 302.-

1. Many Missouri cases state that unexplained possession of property recently stolen is a sufficient circumstance to sustain a conviction of stealing it. *State v. Feeler*, 634 S.W.2d 484, 486 (Mo.App.1981). An inference of guilt from unexplained possession of recently stolen property does not violate due process nor infringe upon a defendant's privilege against self-incrimination. *Id.* at 490.

04, defining "reasonable doubt". That contention has been repeatedly rejected. See *State v. Bogard*, 836 S.W.2d 87, 89 (Mo. App.1992). Point three is denied.

The judgment is affirmed.

MONTGOMERY, P.J., and FLANIGAN, J., concur.